WESTMINISTER PRESBYTERIAN CHURCH *v.* CITY OF JACKSON

No. 43475 June 14, 1965 176 So. 2d 267

496

Brunini, Everett, Grantham & Quin, R. Gordon Grantham, Richard W. Dortch, Jackson, for appellant.

498

*W. T. Neely, E. W. Stennett,* Jackson, for appellee.

Inzer, J.

This is an appeal by the Westminister Presbyterian Church from a judgment of the Circuit Court of the First Judicial District of Hinds County, which approved an order of the Council of the City of Jackson denying the petition of appellant to rezone its property situated on the south side of West Capitol Street and the southeast side of the Road of Remembrance in the City of Jackson.

Appellant, sometimes referred to as Church, is the owner of Lots 1 and 2 of Block 199, and Lot 1 and the west half of Lot 2 of Block 200, of Country Club Place, a subdivision in the City of Jackson. The property is triangular in shape, and the entire block in which it is situated is zoned A-1 residential. Appellant acquired

Lots 1 and 2 of Block 199 by deed dated June 22, 1945, for the purpose of constructing a church building on the property. The developer of the subdivision provided in the deed conveying these two lots that they could be used for business purposes. In June 1950, appellee, hereinafter referred to as City or City Council, adopted a comprehensive zoning ordinance for the entire city, and the property then owned by Church was zoned as A-1 residential. Insofar as the record shows, Church made no objection to its property being so zoned. The ordinance provided that property zoned A-1 residential could be used for church purposes, provided off-street parking was provided for one car for every ten seats in its main auditorium. The ordinance also provided for continuing, nonconforming use by a church, but prohibited any major alteration or expansion unless off-street parking was provided.

At the time the church building was constructed, the Church had 80 members. By 1952 the membership had increased to 153, and the facilities were not sufficient for the growing church. Plans were drawn to enlarge their building, but it was discovered that they could not comply with the ordinance to secure a permit, and the plans were abandoned. In 1954 Church purchased Lot 1 and the west half of Lot 2 of Block 200, which joined their property on the west. The residence situated on these lots was remodeled for an educational building. The Church added an annex to connect its main building with the educational building. The membership continued to increase, and by the year 1960 it was decided that this property was no longer suitable for church purposes. This was due in part to businesses being located across the street from the church property on both West Capitol Street and Road of Remembrance. Some of these businesses were open on Sunday, and they distracted from the church worship. Parking space for members was a problem.

Church then filed its first petition asking the City Council to rezone its property from residential to commercial, for use as a filling station site. The City Council, after giving notice and conducting a hearing, entered an order denying the petition to rezone the property. No appeal was taken from this order of the Council.

In 1961 Church filed its second petition asking the Council to rezone its property from residential to commercial, for use as a filling station site. The Council, after giving notice and conducting a hearing, entered an order on May 26, 1961 denying and dismissing this petition. No appeal was taken from this order.

In August 1962 Church filed another petition asking for the same relief. The Council dismissed it. The Church then filed a petition for rehearing, and it was denied. Church attempted to appeal from this order, but before the appeal was perfected, the Council informed the attorney for Church that a hearing would be granted if Church would file a new petition.

On April 19, 1963 appellant filed the petition now under consideration, asking that its property be rezoned from residential to commercial, for use as a gasoline filling station site. Appellant alleged that material changes had occurred since the May 26, 1961 order denying the petition then before the Council. It alleged the following changes: (1) continued growth and expansion of commercial activities opposite the church; (2) action by the city increasing traffic congestion and by eliminating on street parking areas; (3) construction by the church of a new facility and abandonment of the property in question; and (4) diligent effort to sell the property without success.

On November 19, 1963, pursuant to notice, a hearing was had on this petition. The Council continued the hearing from time to time to allow the interested parties to submit affidavits in support of their positions. On January 22, 1964 the Council entered an order deny-

ing the petition. It found that no material changes that would justify rezoning the property had occurred since the other hearings. From this order appellant appealed to the circuit court. For the purpose of that appeal and this one, counsel for appellant and City designated the record that is now before us.

The circuit judge, in a written opinion, found that the Council had the right to determine that no changes that would justify the rezoning of the property from residential to commercial, for a filling station site, had occurred since the last hearing or hearings. He found further that the order of the Council was not arbitrary or confiscatory. An order was entered affirming the order of the Council and dismissing the appeal. From this order this appeal is prosecuted.

 ██ Appellee in its brief directs our attention to the fact that appellant did not comply with Mississippi Rule 6, in that appellant did not file a separate and specific assignment of errors and deliver a copy thereof to opposing counsel as required. Appellant in its reply brief states that the assignment of errors is incorporated in its brief, and that a copy of the brief was delivered to opposing counsel. It contends that this was substantial compliance with the rule. Appellee does not contend that it was prejudiced by the failure of appellant to comply strictly with the rule. Appellee did not file a motion to dismiss the appeal, but requests only that its rights be considered in the light of the rule. Appellee contends further that the argument in appellant's brief is not related in any way to the assignment of errors. We find that under the circumstances there was substantial compliance with Mississippi Rule 6. We find further that the argument in appellee's brief is not entirely related to its assignment of errors, and this has made it difficult for us to determine which of the errors assigned have been urged and which have not. ██ The better practice is to relate the argument to the specific

assignment of error being urged therein, in such a manner that there can be no question which assignment is being urged. We will pass upon the assignments that we deem to merit discussion.

Appellant contends that it is not bound by any previous adjudication of the Council on its petitions to rezone its property, and that the Council and circuit court were in error in so finding. It is important in this case to point out that the Council of the City of Jackson exercises the same authority and performs the same functions relative to petitions to rezone property as is done by a board of review or a board of adjustments in other jurisdictions. The city has a planning board, and this board has a zoning committee, which among other things passes on applications for variances or rezoning of property. After this committee and the planning board pass on any such application, it makes its recommendation to the City Council. The Council then hears the matter, and is required to give notice and conduct a hearing. We find that in most jurisdictions the rule is, that when an order is entered by such board of review or board of adjustment, after notice, hearing, and expiration of time for appeal, the board has no power to change its decision in the absence of fraud, newly discovered evidence, or a material change of circumstances. This is an application of the doctrine of *res adjudicata* to the adjudication of past facts. We said in City of Jackson v. Holliday, 246 Miss. 412, 149 So. 2d 525 (1963), that:

> The common law doctrine of res judicata, including the subsidiary one of collateral estoppel, is designed to prevent relitigation by the same parties of the same claims or issues. The reasons behind the doctrine, as developed in the courts, are fully applicable to some administrative proceedings, partially applicable to some, and not at all applicable to others. The doctrine is best applied to an adjudication of past facts. 2

Davis, Administrative Law Treatise (1958), Secs. 18.01-18.12. 2 Am. Jur. 2d, Administrative Law, Secs. 496-504; see also Parker, Administrative Res Judicata, 40 Ill. L. Rev. 56 (1945); Schopflocher, The Doctrine of Res Judicata in Administrative Law, 1942. Wisc. L. Rev. 1, 198; Comment, 49 Yale L.J. 1250 (1940); Groner and Sternstein, Res Judicata in Federal Administrative Law, 39 Iowa L. Rev. 300 (1954). (149 So. 2d at 527).

■■ We hold that the City Council and the circuit court correctly applied the doctrine of res adjudicata to the adjudication of past facts, and in zoning cases it is not necessary that any formal plea of res adjudicata be filed. The Council must apply the doctrine in proper cases. The Council was correct in holding that the burden of proof was upon appellant to allege and prove a material change of circumstances, since no appeal had been taken from a former order of the Council denying the petition.

Appellant insists that the Council was in error in finding that a hearing was had on October 9, 1962. The order entered on that date recites that it was entered after notice and a hearing. We do not find anything in the record to contradict this finding, other than statement of counsel for appellant in its brief that no notice was given and a hearing was not had. It is really not material whether the order of October 9, 1962 is to be considered in arriving at a decision on this appeal. Appellant had the burden to allege and prove a material change of circumstances, because it admits that the order of May 26, 1961 was entered after notice and a hearing, and that no appeal was taken from this order.

■■ Appellant contends that the order of the Council is without legal support and is contrary to the manifest weight of the testimony. The Council found that the conditions and circumstances were substantially the same at all hearings, and that appellant had failed to

show a change of circumstances. We have carefully examined and considered the evidence, and we cannot say that the council was not justified in so finding. Especially is this true, since this petition and the former ones not only seek to have the property rezoned from residential to commercial, but also seek to have it rezoned for the specific purpose of being used as a gasoline filling station site. In Ballard v. Smith, 234 Miss. 531, 107 So. 2d 580 (1958), we discussed in some detail the law relative to granting variances or rezoning property for the special purpose of constructing thereon a gasoline filling station. There are many factors that the Council could and should take into consideration in passing on such applications. Mr. Montgomery, Director of the City Planning Board and a member of the Zoning Committee, testified that the Zoning Committee had reviewed the petitions of appellant four times, and it was their opinion that a gasoline filling station at this point would not be in the best interest of the city or the residents of the area. He pointed out that if the City were to allow commercial zoning in this block, it would have no stopping place on West Capitol Street. He differs with the witnesses for appellant, who testified that a filling station would not destroy property values of this residential area. The decision of the Council was not an arbitrary one, but is supported by evidence.

 Appellant urges also that the circuit court was in error in finding that the action of the City Council was neither arbitrary nor confiscatory. We have already pointed out that the action of the Council was not arbitrary. As to whether the action of the Council was confiscatory, the burden of proof was upon appellant to show that there had been a change of conditions since the previous orders of the Council that would make the action of the Council in denying its petition confiscatory. The only change of conditions shown is that, since the May 1961 order of the Council, appellant has made

diligent efforts to sell its property for purposes other than a filling station site, and has been unable to do so. ■■ ■ The proof on behalf of appellant shows that the value of the property for a filling station site is $45,000. In fact, Humble Oil Company has agreed to purchase it for this price if the Church can get it rezoned for a filling station site. The proof shows that for residential purposes the value of the property is about $11,000. The Council found that the evidence of values of the property was the same at all hearings, and that there was no change in circumstances. The circuit judge found, and we are in agreement with his finding, that the order of the city was not confiscatory. The general rule is found in 62 C.J.S. *Municipal Corporations* section 227 (15) (c) (1949), as follows:

■■ ■ A variance to construct or operate a service station or garage should not be granted merely because such use of the property will be more convenient or profitable to the owner, or because he will suffer some financial disadvantage or hardship if denied such use; it is essential that applicant should suffer some unusual hardship from the literal enforcement of the regulation different from, and greater than, that suffered by other property owners in the district. The variance or exception should not be granted unless the proposed use of the property is within the spirit of the zoning regulations.

■■ ■ We are also in agreement with the statement of the circuit judge, wherein he said: ''I sympathize with the position of the appellant, but the City Council had the right and the duty to review the whole situation and protect the residential property owners to the east of appellant's property. As I understand the record, this whole block is residential property. The Courts should not constitute themselves as a Zoning Board for a municipality.''

We find no reversible error on the part of the circuit court, and we are of the opinion that this case should be affirmed.

Affirmed.

All Justices concur, except *Ethridge, P. J.,* who took no part.