195 So.2d 470 (1966)
CITY OF JACKSON, Mississippi
v.
John P. WILSON et al.
No. 44118.
Supreme Court of Mississippi.
November 14, 1966.
E.W. Stennett, Val Surgis, W.T. Neely, W.D. Coleman, Jackson, for appellant.
Gene A. Wilkinson, E. Grant Tharpe, Jackson, for appellees.
*471 ROBERTSON, Justice.
This is an appeal by the City of Jackson, Mississippi, from the judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, rezoning lands from A-1 residential to commercial after the City Council refused to do so.
In 1954 John P. Wilson and his wife, Mrs. Catherine H. Wilson, bought the property at the northeast intersection of Clinton Boulevard and Colebrook Drive for their home. The property immediately to the north of them and the property to their east is in Country Club Estates Subdivision, a high type suburban residential subdivision. There are many fine and attractive homes in this residential area. A Humble Oil Company filling station has recently been constructed on the corner property at the northwest intersection of Clinton Boulevard and Colebrook Drive across from the Wilson property. The Wright property, across Clinton Boulevard and immediately south of the Wilson property, has been rezoned from residential to commercial and will be used for a service station and shopping center fronting on Clinton Boulevard and Dixon Road.
On June 17, 1963, John P. Wilson filed his petition to rezone his home property from A-1 residential to commercial. The petition was originally heard by the Zoning Committee of the Planning Board of the City of Jackson on July 8, 1963. After a full hearing, the Zoning Committee recommended to the City Council that this request for rezoning be denied. No appeal was taken by the Applicant Wilson from the action of the Zoning Committee, although notice of the right so to do was given.
The recommendation of the Zoning Committee was accepted and approved by the City Council on July 16, 1963. No appeal was taken from the Order of the City Council.
Seven months later and after the rezoning of the Wright property, south of and across Clinton Boulevard from the Wilson property, Wilson and Shell Oil Company filed a petition for a rehearing and again requested that the Wilson property be rezoned from residential to commercial in order that Shell Oil Company might construct a gasoline-filling station thereon. In addition to the request for a rehearing, a petition for rezoning was filed on March 17, 1964, and proper legal notice was given of a hearing to be held on April 14, 1964. In response to said notice, a petition signed by 29 property owners living adjacent to and near the Wilson property was filed in protest to the application to rezone. Attached to the protest petition were letters from several of the signers stating the grounds of their objections. Copies of these letters were also attached to the brief which Honorable Earl R. Cruthirds filed in opposition to the rezoning.
A brief urging the change in zoning was filed by Honorable Gene A. Wilkinson, which brief was supported by a petition of property owners agreeing to the rezoning.
After a full hearing the Zoning Committee denied the petition to rezone for the reason that: "* * * this service station would not be the best and highest use of the property for the City of Jackson as a whole, and due to the many protests of the residents in the area, * * *."
Several of the protestants appeared at this hearing and stated that they opposed the rezoning for the reason that a service station would be constructed on the Wilson property and would be located near and adjoining some of their properties, and would result in loud noises, more traffic, lights, odors, and other undesirables which are associated with the operation of a service station.
An appeal was taken from the Zoning Committee's Order denying the application. The City Council entered an Order on August 25, 1964, remanding the case to the files with the right reserved in petitioners, the protestants or the City to call the matter up for disposition on one week's notice.
*472 Prior to the Order of the City Council, it was agreed by the parties that the matter would be submitted to the City Council on the file as made with the Zoning Committee of the City Planning Board and upon briefs submitted by counsel, and without the taking of testimony.
On January 12, 1965, Petitioner Wilson requested that the matter be called up for final disposition. Even though the agreement had previously been made that the matter would be submitted to the City Council on the file as made with the Zoning Committee, and briefs of counsel, the petitioners were allowed to file a large map on January 19, 1965, and a letter dated January 28, 1965.
On February 23, 1965, the City Council of the City of Jackson entered an Order denying the rezoning of the property of Wilson from A-1 residential to commercial.
The changes relied upon by the petitioners which had occurred since July 16, 1963, were that the Wright property on the south side of Clinton Boulevard had been rezoned from residential to commercial and the Humble Oil Company had completed a service station across Colebrook Drive from the Wilson property.
At the outset it should be noted that before the Jackson city limits were extended in 1960, the Holliday property, on which the Humble Oil Company had constructed a filling station, had been zoned commercial by the Board of Supervisors of Hinds County in August, 1958, and the Wilson property had been zoned residential at the same time.
When these two properties were brought into the City in 1960, the zoning of neither was changed, and hence, the Holliday property could be used for commercial purposes, and the Wilson property for residential.
The Jackson City Council in its Order of February 23, 1965, denying the request to rezone said, among other things:
"The Council having considered all of the evidence and testimony presented in the said matter, and having read and considered briefs and arguments filed on behalf of the proponents, as well as the objector to the said rezoning, and finding that the said property is located in a neighborhood a part of which is used for commercial purposes, but that the area immediately to the north of the property involved is a highly developed residential area; that the rezoning of said property for the purpose as prayed for will be detrimental to the residential property to the north and that even though those objecting to the rezoning had not pursued the matter further, the Council is of the opinion that the said petition should be denied;
"IT IS, THEREFORE, HEREBY ORDERED by The Council of the City of Jackson, Mississippi, that the petition of said John P. Wilson et al, for the rezoning of said property as herein described, be and the same is hereby denied."
The City Council was correct in applying the doctrine of res judicata to the adjudication of all the facts before July 16, 1963, and in zoning cases, it is not necessary that any formal plea of res judicata be filed. Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 504, 176 So.2d 267, 271 (1965).
The burden of proof was upon the appellees to allege and prove a material change of circumstances occurring after July 16, 1963, since no appeal was taken from the July 16, 1963, Order of the City Council denying the petition.
The City Council could very logically have reasoned that Clinton Boulevard was the proper dividing line between residential properties on the north side and commercial properties on the south side, and that the value of the highly developed home properties in the block bounded by Clinton Boulevard on the south, Colebrook on the west, Springfield Circle on the north and Manchester Avenue on the east, would be greatly *473 depreciated by the location of a filling station on the Wilson property. Homeowners are the backbone of any community. They take pride in developing and maintaining attractive homes and yards, and anything that discourages this wholesome attitude on their part hurts the community.
There are many factors which the City Council should consider before they honor a request to spot zone, and this is especially true where the spot zoning will be for the purpose of allowing the construction of a gasoline filling station with its highly undesirable features in a neighborhood of homeowners. The City Council should look askance at a request for rezoning where it will inure to the benefit of one property owner and allow him to get a tremendous price for his property, when at the same time it will be very detrimental to other property owners, and will greatly decrease the value of many homes in the neighborhood.
We quoted with approval the general rule as found in 62 C.J.S. Municipal Corporations § 227 c (1949), in Westminster Presbyterian Church v. City of Jackson, supra, as follows:
"A variance to construct or operate a service station or garage should not be granted merely because such use of the property will be more convenient or profitable to the owner, or because he will suffer some financial disadvantage or hardship if denied such use; it is essential that applicant should suffer some unusual hardship from the literal enforcement of the regulation different from, and greater than, that suffered by other property owners in the district. The variance or exception should not be granted unless the proposed use of the property is within the spirit of the zoning regulations." 253 Miss. at 506, 176 So.2d at 272.
There is substantial evidence supporting the decision of the City Council in refusing to rezone the Wilson property. We do not think that the action of the City Council was arbitrary, unreasonable or an abuse of its discretion. The judgment of the lower court is, therefore, reversed and the Order of the City Council, refusing to change the zoning and denying the petition to rezone, is reinstated.
Reversed and Order of the City Council reinstated.
GILLESPIE, P.J., and PATTERSON, INZER and SMITH, JJ., concur.