209 So.2d 838 (1968)
SUNRAY DX OIL COMPANY, Mrs. Katie H. Smiley, Mr. Herbert S. Owens et ux.
v.
CITY OF JACKSON, Mississippi.
No. 44884.
Supreme Court of Mississippi.
April 29, 1968.
Henley, Jones & Henley, John Land McDavid, Lee B. Agnew, Jackson, for appellant.
E.W. Stennett, Val Surgis, W.T. Neely, Jackson, for appellee.
GILLESPIE, Presiding Justice:
Sunray DX Oil Company and Mrs. Katie H. Smiley, Herbert S. Owens and wife, Mrs. Stella H. Owens, hereinafter called applicants, applied to the City of Jackson for a re-zoning of a parcel of land at the southwest corner of the intersection of Raymond Road and Shady Lane Drive. The requested change was from A-1 residential to commercial. Applicants are the optionee and owners, respectively, of said property, which, if re-zoned, is to be used for the erection of a modern gasoline service station. After certain protests, numerous written statements for and against the application, and various maps, plans and photographs were filed, the Zoning Committee of the City of Jackson recommended that the application be denied because (1) the re-zoning would not be in keeping with the residential properties and character of the neighborhood; (2) the proposed use would not be compatible with the existing land use; and (3) the re-zoning would not promote the health, safety, morals and general welfare of the neighborhood. The City Council by a divided vote denied the application. Applicants appealed to the Circuit Court where the order of the City Council was affirmed. Applicants then appealed to this Court.
On the north side of Raymond Road, east of Shady Lane, the following property is zoned commercial and is occupied by the following establishments: a service station located on the northeast corner, a drive-in food store, a liquor store and five lots further east another drive-in food store.
A tract on the southeast corner of said intersection of approximately 300 feet on Raymond Road and 300 feet on Shady Lane is zoned commercial. On this tract there *839 is a service station facing Raymond Road and an appliance repair shop facing Shady Lane. East of this commercially zoned property on the south side of Raymond Road a tract of land was recently re-zoned A-3, residential, to authorize the erection of a 45 unit apartment complex. The other property in the immediate area east of Shady Lane is zoned residential and is so occupied.
West of Shady Lane and north of Raymond Road the property is all residential except a church on the corner opposite applicants' property.
The block west of Shady Lane and south of Raymond Road is all zoned residential and so occupied except Brent's Nursery located about four lots west of the intersection. The nursery, a non-conforming commercial use in a residential area, was established before the city was zoned. A school is located on the southwest corner of this block.
A zoning ordinance is presumed to be valid and one assailing its validity has the burden of proof to establish that the ordinance is invalid or unreasonable, arbitrary or discriminatory as to his property. Ballard v. Smith, 234 Miss. 531, 107 So.2d 580 (1958). This is the frame of reference within which this Court considers the several points argued by appellants.
Appellants contend that the uncontradicted proof shows that their land is surrounded by commercial, quasi-commercial and public uses and that the City had a duty to re-zone it to permit commercial uses. We are unable to agree with the premise upon which this argument is based. The property east of Shady Lane on each corner is commercial, but there is no commercial property on Raymond Road west of Shady Lane except Brent's Nursery, a non-conforming commercial use which was established many years ago. The church and school to which we have referred are not inconsistent with the uses that can properly be made of property zoned A-1, residential. There is little difference in the relationship of appellants' property to commercial property than that of the parties who unsuccessfully sought re-zoning ordinances in the cases of City of Jackson v. Wilson, 195 So.2d 470 (Miss. 1966); Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966); and Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965). The opinions in the foregoing cases answer the questions raised in appellants' argument.
The zoning authorities must draw the line between residential and commercial property somewhere. There will always be some residential property either adjoining or across the street from commercial property. In this case the municipal authorities decided not to extend commercial property west of Shady Lane on Raymond Road. We are unable to say that this action was unreasonable, arbitrary, capricious or discriminatory.
Appellants showed by the records of the Zoning Committee that the Committee had recommended the re-zoning, with certain conditions, of a large tract of land near the center of the block in which applicants' property is located from A-1 residential to A-3 residential so as to permit the construction of a ninety-seven unit apartment complex. This tract adjoins appellants' property in part on the west and south sides. It was not shown, however, that this recommendation of the Zoning Committee had resulted in re-zoning this property for the apartment complex. If the City had, in fact, re-zoned the tract and authorized construction of the apartment complex, we agree that the usefulness and desirability of appellants' property would be virtually destroyed as far as A-1 residential purposes are concerned. Appellants' property would then face the present commercial property on the northeast and southeast corners of the intersection, the church on the northwest corner and would be practically surrounded by the apartment complex. We cannot assume that the City would re-zone the tract for the proposed apartment complex without also re-zoning appellants' tract.
*840 The proof shows that appellant landowners would be able to sell their property for $60,500 if re-zoned commercial so as to permit the construction of the service station. This is a factor to be considered and no doubt was considered by the zoning authorities, and we are not unmindful of the economic factors involved, however, this does not justify reversal of the case. City of Jackson v. Wilson, supra, Westminster Presbyterian Church v. City of Jackson, supra.
A careful study of the record and briefs and the oral arguments convinces this Court that the appellants have not met the burden of proving by clear and convincing evidence that the action of the City of Jackson is unreasonable, arbitrary, capricious or discriminatory. We cannot say that the issue was not fairly debatable; therefore, unless this Court constitutes itself a zoning board, the case must be affirmed. Ballard v. Smith, supra.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.