233 So.2d 817 (1970)
CITY OF JACKSON, Mississippi
v.
Mrs. Marguerite D. HUSBANDS et al.
No. 45718.
Supreme Court of Mississippi.
March 30, 1970.
*818 Jones & McKibben, John E. Stone, Jackson, for appellant.
Stennett, Wilkinson, Ward & Tharpe, Jackson, for appellees.
ROBERTSON, Justice.
The Appellant, City of Jackson, Mississippi, appeals from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, reversing an order of the Jackson City Council which denied four petitions to rezone properties from A-1 Residential to Commercial. The circuit court rendered judgment rezoning the properties.
The properties involved are the four corners of the intersection of Northside Drive and Hanging Moss Road. About March 15, 1968, the owner of each corner filed a petition to rezone his corner from A-1 Residential to Commercial so that he could remove the residence and construct an automobile service station thereon.
On June 7, 1968, two adjoining homeowners filed their protest and objection to the rezoning, and on the same day J.L. Paulk & Associates, Inc., consulting engineers and city, county, and regional planners, filed their investigation and report with the zoning board recommending that the petitions to rezone be denied. These four petitions were heard as one by the zoning board at a public hearing on June 10, 1968.
The properties adjoining these corners on each side have been zoned A-1 Residential for many years, and the owners have built residences on their property and have occupied them as their homes for many years. Numerous property owners in the neighborhood filed letters of protest objecting to any change in the zoning. Nevertheless, the city zoning board recommended to the city council that the zone of the four corners be changed from A-1 Residential to Commercial. The action of the city zoning board was a tentative approval hedged about with recommendations as to other properties on which there were no petitions to rezone:
"A final motion was made, seconded, and passed to recommend to the City Council the request for the commercial rezoning be tentatively approved. However, in recommending approval, the Board would further recommend that all of that property fronting on Northside on both the North and South of Northside Drive from East on the west right of way line of the I.C.R.R. and to the West of the East line of the drainage ditch which is just East of Ridgecrest Baptist Church excluding that property covered by the rezoning of Case No. 695, which was rezoned to A-3 Residential on March 26, 1968, be also tentatively approved for rezoning for apartments and commercial usage subject to approval and review by the Zoning Board. That all consideration be limited to a one (1) lot depth not to exceed 200 feet in depth."
The city council on June 18, 1968, ordered that these four zoning cases requesting commercial rezoning be referred back to the zoning board for further study, "each case to be decided on its own merits with a definite recommendation on each case, without any tentative approval." On July 8, 1968, the city zoning board came back with another tentative approval in these words:
"The Board believes that the use of the word "tentative" in its intent was and still is proper, (reference "Roget's International Thesaurus" 3rd Edition).
"The Board, in a belief based on the facts considered and developed on these cases again recommends to the City Council that this property, Cases 728, 729, 735 and 736 be approved for commercial zoning; that the rezoning be limited to a distance of 200 feet more or less, north and south of the property fronting on Northside Drive to equal out on the nearest lot line closest to the 200 feet distance; that the proposed service *819 station sites be developed within the latest concepts of modern design to compliment the adjoining residential properties; that low density lighting only be allowed and that the commercial developments be required to build and maintain in a neat and orderly manner a buffer wall not less than 8 feet in height and that all lighting shall be screened and directed away from the adjoining residential areas, that proper conveyance from the affected property owners as to street widening shall be granted to the City before the zoning is effective."
On July 16, 1968, the city council again referred these four petitions to rezone to the zoning board "for additional consideration and study by City Planning Board of land use in area west of Illinois Central Railroad, north of Meadowbrook Road to city limits, west to existing commercial uses."
On August 12, 1968, a comprehensive and detailed in-depth study and report by the Jackson City Planning Board was filed with the zoning board, and the full-time planning director, Donald L. Irvin, A.I.P., personally appeared before the zoning board and presented the in-depth study.
The minutes of the zoning board of August 12, 1968, had this to say about Irvin's presentation:
"The Zoning Board was very complimentary of and impressed by this study and report given by the Jackson City Planning Board, but failed to see any given fact which they had not previously considered in rendering their previous decision."
Again the zoning board advised the city council that they adhered to their tentative recommendation heretofore made.
The city council set a public hearing for 2 p.m., Tuesday, September 17, 1968, on these four petitions to rezone, and notice of this hearing was published in the "Jackson Daily News" on August 30, September 6 and September 13, 1968. Many adjoining and neighboring homeowners filed written objections; a few property owners favored the rezoning if their property also were rezoned. The hearing was continued until October 29, 1968, so other interested parties could file evidence and briefs.
On October 8, 1968, Professor Sidney E. Doyle, A.I.P., and Houston H. Evans, appraiser, filed their reports recommending that the petitions to rezone be granted. The city council continued the hearing several times until finally, on December 23, 1968, the council entered its order denying the petitions to rezone. The pertinent part of the order recited:
"And it appearing to the satisfaction of the Council that publication was duly made as required by law, notifying parties in interest that a meeting would be held at the City Hall in the City of Jackson at 2:00 P.M., on Tuesday, September 16, 1968, for the hearing of any objections and protests that might be interposed to the said applications for the said rezoning; that a number of persons appeared objecting and protesting against the said rezoning; that the Council received the recommendation of the Zoning Committee and of the Planning Board, and of J.L. Paulk & Associates, Consulting Engineers, engaged in City planning matters, and that the Council from time to time has received, heard and considered evidence in support of the said applications and in opposition thereto, and that the matter has been brought forward for final decision on this date. From a consideration of all the evidence before it, and from the personal knowledge had by members of the Council who observed the area in question, and as a part of the regular duties of each, became very familiar with the neighborhood involved, and from all of the evidence submitted and recommendations had from various agencies, the Council finds that the area involved is a highly developed residential area within which is located some good quality dwellings; that the proponents of said applications *820 have failed to show a need for commercial activities within the area; have failed to show substantial changes in the area since the original zoning thereof; that commercial activities within the neighborhood would greatly depreciate the use and value of the surrounding property as residential, and would render the entire neighborhood less desirable for residential purposes, and that rezoning as prayed for would not be of any benefit generally to the City or to the neighborhood involved and should, therefore, be denied." (Emphasis added).
It should be borne in mind that the city council's order is prima facie correct and the presumption is in favor of its reasonableness. Sunray DX Oil Co. v. City of Jackson, 209 So.2d 838 (Miss. 1968); Howie v. Autrey, 209 So.2d 904 (Miss. 1968); Fowler v. City of Hattiesburg, 196 So.2d 358 (Miss. 1967).
We have said over and over again that the burden of proving the need for a change in zoning rests squarely on those property owners requesting the change. City of Jackson v. Wilson, 195 So.2d 470 (Miss. 1966); Sanderson v. City of Hattiesburg, 249 Miss. 656, 163 So.2d 739 (1964); City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962).
Again we stress that the circuit court reviews the actions of a city council as an appellate court only. Section 1195 Mississippi Code 1942 Annotated (Supp. 1968) clearly provides this:
"[T]he court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment * * *."
Courts still need to heed the admonition contained in Westminister Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965), that "the courts should not constitute themselves as a zoning board for a municipality."
The bill of exceptions in this case was detailed and voluminous. There was ample and substantial evidence supporting the decision of the city council that the four petitions to rezone be denied. This action of the city council was neither arbitrary, capricious, confiscatory, nor even unreasonable. The judgment of the circuit court is reversed, and the order of the city council denying the petitions to rezone is reinstated.
Reversed and order of the City Council reinstated.
ETHRIDGE, C.J., and PATTERSON, INZER and SMITH, JJ., concur.