ROBERTSON, Justice:
Norman Carnes and others, appellants, appealed from the final judgment of the *28 Circuit Court of the First Judicial District of Hinds County, Mississippi, reversing the decision of the Board of Supervisors which Board denied the request of Harrow Development Company, appellee, to rezone two tracts of land, one from residential to commercial and the other from residential to unlimited apartments. The circuit court ordered Hinds County to make the requested changes.
The circuit court found that a public need had been shown for the rezoning of the two tracts, and that the order of the Board of Supervisors denying the rezoning was arbitrary and capricious.
Tract 1, the property sought to be rezoned from residential to commercial, fronts 350 feet on the south side of West-brook Road, is 385 feet deep, and is in excess of 3 acres. Tract 2, the property sought to be rezoned from residential to unlimited apartments, is south of and adjacent to Tract 1, and extends eastward to the Mississippi Power and Light Company transmission line right-of-way. Tract 2 is about 900 feet in length from north to south with an average width of 620 feet, and contains approximately 12 acres. Adjoining Tract 1 on the east and Tract 2 on the north is a Mississippi Power and Light Company substation with transformers and high power transmission lines enclosed with a high cyclone fence. This substation was completed after the comprehensive county zoning ordinance was adopted on November 25, 1968.
The only access to either tract is down Westbrook Road, which runs eastward from the Old Canton Road past McLeod Elementary School and dead-ends at Jack Westbrook’s home on the west bank of Pearl River. Westbrook Road is paved from Old Canton Road to Sedgwick Drive on the east side of McLeod School. From there to Westbrook’s home, it is graveled only.
Mrs. M. L. Culley is the owner of the property sought to be rezoned and also the owner of the vacant lands surrounding Tracts 1 and 2 on the west, east and south sides. She has given an option to purchase Tracts 1 and 2 to Harrow Development Company for $1800.00 an acre, provided these tracts are rezoned. Harrow Development Company was the developer of the exclusively residential subdivisions surrounding McLeod Elementary School. The land between McLeod School and Tract 1, about 1300 feet on the south side of Westbrook Road, is vacant land. The property on the north side of Westbrook Road opposite Tract 1 is vacant land owned by W. P. Bridges Jr. and James Fowler.
Tracts 1 and 2, with an average elevation of about 275 feet above sea level, are subject to overflow. The minimum elevation required by the City of Jackson for the issuance of a building permit is 280 feet.
Robert Field, president of Harrow Development Company, testified that it would take between five and seven-and-one-half feet of fill to make Tracts 1 and 2'useable, and that this fill would cost about $5,868.00 an acre. About $4,000.00 per acre is the top price that can be paid for raw lands in this neighborhood for single family residential development.
Home owners living near McLeod School, whose young children attend that school, testified that traffic congestion is bad around the school, especially at opening and closing times; that they bought homes in this neighborhood because of the proximity of an elementary school, and to get away from the traffic congestion and population congestion of the inner city. They contended that the commercial development of Tract 1, and a multi-apartment development of Tract 2 would greatly increase traffic congestion and population congestion at a time when the only access *29 to and from Tracts 1 and 2 is along West-brook Road.
Robert Field testified that he had a sale of one commercial lot in Tract 1 for a Tote-Sum Store, and that other business enterprises were interested in securing locations there. The testimony was that these businesses would count on future apartment dwellers and others in the surrounding area to patronize their establishments. Charles S. Berry, general manager of the Tote-Sum Stores in Jackson, testified that in his opinion there was a public need for such a store in this area and that his organization was willing to make such an investment.
An exhibit introduced shows that there is already one large shopping center within one mile of Tracts 1 and 2 and at least one witness testified that a quick-stop grocery was even closer.
In accordance with Section 2890.5, Mississippi Code of 1942 Annotated (1956), the Hinds County Board of Supervisors created a County Planning Commission whose main job was to prepare and develop a comprehensive zoning plan. The County Planning Commission did so, and their master zoning plan showing Tracts 1 and 2 and the surrounding property as residential was finally approved and adopted by ordinance of the County Board of Supervisors on November. 25, 1968. No protest or objection was made by the longtime owner of Tracts 1 and 2 and the surrounding lands to this master zoning plan, yet on January 21, 1969, less than two months later, petition to rezone Tracts 1 and 2 was filed.
The only point stressed by the appellee was that the longtime owner of this vacant land was not able to sell her property and utilize it because if she spent large sums in filling in this property that the lots would be too expensive for single-family residences.
No material change in the character of the neighborhood was alleged or proved by the appellee, and yet we said in City of Jackson v. Wilson, 195 So.2d 470 (Miss. 1966) that:
“The burden of proof was upon the appellees to allege and prove a material change of circumstances occurring after July 16, 1963, since no appeal was taken from the July 16, 1963, Order of the City Council denying the petition.” 195 So.2d at page 472.
There are still other factors that should be considered. Section 3592, Mississippi Code of 1942 Annotated (1956), lists these factors:
“Such regulations shall be made in accordance with a comprehensive plan, and designed to lessen congestion in the streets‘ to secure safety from, fire, panic and other dangers; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population; to facilitate the adequate provision of transportation, water, sewerage, schools, parks and other public requirements. Such regulations shall be made with reasonable consideration, among other things, to the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings, and encouraging the most appropriate use of land throughout such municipality.” (Emphasis added).
The Board of Supervisors had these purposes in view when they considered and adopted the comprehensive zoning plan in November, 1968.
We do not think that the record reflects a material change in the character of the neighborhood, nor does the testimony prove a public need for businesses and multi-apartments in this neighborhood. The order of the Board of Supersivors turning down the request to rezone Tracts *30 1 and 2 was not unreasonable, arbitrary or capricious. The testimony supporting the decision of the Board of Supervisors was substantial.
We think that the circuit court, acting as an appellate reviewing authority, was in error in substituting its judgment on a legislative matter for that of the governing authority of the county. We, therefore, reverse the judgment of the lower court and reinstate the order of the Board of Supervisors denying the petition to rezone Tracts 1 and 2.
Reversed and order of the Board of Supervisors reinstated.
ETHRIDGE, C. J., GILLESPIE, P. J., and JONES and INZER, JJ., concur.