BRADY, Justice.
This is a zoning case. This is an appeal from the Circuit Court of the First Judicial District of Hinds County, Mississippi, wherein an order of the City Council of the City of Jackson denying the rezoning of certain property owned by the appellee was reversed and rezoning allowed. From that judgment this appeal is taken.
The appellee, Seymour Schwartz, has filed on two separate occasions requests to the City of Jackson to rezone Lots 111, 112, 113, 114 and 115 of the Cottage Grove Subdivision of Hinds County, Mississippi, from residential A-2 to residential A-3 classification so that he could build an apartment complex on the aforementioned lots. The record discloses that the appellee owns five other lots to the north of the subject property which are presently zoned by the City of Jackson for A-3 apartment construction and that the appellee purchased the five additional lots involved in this litigation for the purpose of making the development of his property economically feasible. The appellee has proposed to construct a one hundred and three apartment complex on the entire property and further to provide one hundred and six parking places for the use of the proposed apartments.
The property is located in the northwestern section of the City of Jackson, Mississippi, and is between Fontaine Avenue and Douglas Avenue, with one lot being east of Fontaine Avenue. Fontaine and Douglas Avenues run south from Northside Drive with both avenues intersecting into Northside Drive across from Lake Hico, a public lake owned by Hinds County, Mississippi. The lots west of the subject property are zoned industrial by the City of Jackson and the lots north of the subject property, as previously mentioned, are zoned for A-3 apartments with the lots adjoining Northside Drive being commercially zoned. All other property surrounding the subject property is zoned for multifamily use with no single family residential zoning adjoining the subject property.
The first application for rezoning was filed by the appellee on July 18, 1967, and immediately after the filing the property owners in and around that area filed two petitions objecting to the rezoning, containing a total of seventy-seven signatures of persons objecting to the rezoning. The city council dismissed the suit without prejudice.
On April 25, 1968, the appellee again filed a request for rezoning, and again the property owners in and around the aforesaid area filed two petitions objecting to the rezoning, containing this time one hundred and fifty-six signatures of the obj ectors.
The case was studied in detail by J. L. Paulk and Associates, Inc., city planners, who concluded that they could see no reason or need for a change. The case was studied further by the city zoning board and they recommended that one of the aforementioned lots not be rezoned.
*10 The appellee took the position before the city council that the zoning change is a degree change and that it is inconsistent to expect the appellee to construct one class or type of apartment on part of the land owned by him and another type or class of construction simply of lower density on the remainder of the property. The question of rezoning the property was before the city council for a considerable length of time and the city council finally concluded that the property should not be rezoned and denied the request for rezoning. The appellee then filed a bill of exceptions and the matter was heard by the Circuit Court of Hinds County during the regular term, wherein an order was entered by the appellate court holding that the city council was in error and that there was a public need for reclassification of the subject property where the subject property was located in an area of mixed zoning and that the order of the city council was entered without any substantial basis in evidence as reflected by the bill of exceptions. From that decision this appeal is taken.
The appellant assigns as error (1) that the Circuit Court of the First Judicial District of Hinds County, Mississippi, acting as an appellate court on an appeal from the City Council of the City of Jackson, Mississippi, erred in reversing the order of the city council in the zoning case which it had before it, and (2) that the said court erred in holding that the complainant had met the burden of proof falling upon him, and finally that the circuit court erred in holding that the order of the city was not supported by substantial evidence.
The petition involved in this litigation is based upon the assertion that there is a public need for a reclassification of the subject property and that all the property across Douglas Avenue to the west is zoned industrial, that all the property to the north is zoned commercial, and that the property adjoining the subject property is zoned residential A-3. However, the proof clearly establishes the fact that even though the property is zoned as the appellee contends, this is not the way this particular area actually has developed. The property to the west of Douglas Avenue which is zoned industrial is not used for industrial purposes but instead has a complete new subdivision of single family, brick homes. In fact, the Land Use Map shows that the area did not develop in the manner for which it was zoned, but has developed into a single family residential area with only a few duplexes which are authorized in A-l residential zoning.
A careful review of the record in this cause together with a study of the briefs convinces us that the city council was not in error in holding that there was no need for public reclassification of the subject property and that the evidence is substantial as reflected in the record to uphold the order of the city council denying the reclassification urged by. the appellee. This being true, the rule of law as announced in the case of City of Jackson v. Husbands, 233 So.2d 817 (Miss.1970) has application here. This rule is that the city council’s order is prima facie correct and the presumption is in favor of its reasonableness and that the burden of proving the need for a change in zoning rests squarely on those property owners who are urging the change. Furthermore, as pointed out in that case, the circuit court sits as an appellate court and should not constitute itself as a zoning board for municipalities. In the case at bar it is apparent that the city council was well aware of the actual physical circumstances involved in this rezoning litigation and it obviously made its determination based thereon. The bill of exceptions in this case is voluminous and detailed. Therein is ample and substantial evidence to support the decision of the city council that the petition to rezone five lots should be denied.
The proof is that although surrounding territory is zoned commercial and industrial, actually it consists largely of one *11 family dwellings. We decline to hold that the action of the city council was arbitrary, capricious or unreasonable and for these reasons the judgment of the circuit court is reversed and the order of the city council denying the petition to rezone is reinstated and affirmed. City of Jackson v. Husbands, supra; Sunray DX Oil Co. v. City of Jackson, 209 So.2d 838 (Miss.1968); City of Jackson v. Wilson, 195 So.2d 470 (Miss.1966); Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965).
Reversed and order of city council reinstated.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ., concur.