GILLESPIE, Chief Justice, for the Court:
This is an appeal by the City of Jackson from an order of the circuit court reversing an order of the Jackson City Council denying a petition filed by Shell Oil Company in a zoning matter.
The property in question is a lot on Clinton Boulevard in the City of Jackson which was rezoned from residential to unrestricted commercial in 1969 and Shell Oil Company purchased the property under that classification. The same year Shell obtained from the City a building permit for the construction of a service station. The service station was not commenced because of economic conditions. On May 29, 1974, a new comprehensive zoning ordinance was adopted by the City, under which the classification of the subject property was changed from commercial to limited commercial. The new comprehensive zoning ordinance contained section 2801 which reads as follows:
Any party feeling aggrieved by the change of zoning status of his property as reflected by the Official Zoning Map adopted herein shall have ninety (90) days from the effective date of this Ordinance within which to petition the Planning Board for reconsideration of the zoning status of such property. After the expiration of the aforesaid ninety days, any person petitioning for a change in the zoning status of his property must base said petition upon changes taking place after the adoption of the aforesaid Official Zoning Map.
Within the ninety days provided in section 2801, and on August 21, 1974, Shell filed its application and petition for reconsideration of the zoning of the lot in question and stated therein that there have been no changes in the property or in the neighborhood thereof except toward more commercial usage.
Shell’s petition came on for hearing and the only proof offered was by Shell to the effect that since the 1969 rezoning of the subject property there had been no changes in the conditions of the neighborhood except that it was more commercial at the *341 time of the hearing than it was when it was rezoned in 1969.
Section 2801 extended for ninety days after the passage of the comprehensive zoning ordinance of 1974 the right of any property owner feeling aggrieved by the change of zoning status of his property to petition for reconsideration the zoning status of such property.
When the comprehensive zoning ordinance changed the zoning status of Shell’s property the doctrine of res judicata, applied, and when Shell made timely petition to maintain the status of its property, the City had no authority to make such change absent a material change in circumstances since the last zoning order. Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965).
The question of who had the burden of proof is actually not involved. The only proof offered showed no material change of circumstances and it is immaterial who offered it.
AFFIRMED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.