FAIR, J.,
for the Court:
¶ 1. James Little appeals the denial of his petition to rezone a residential subdivision for commercial use. To prevail, Little was required to prove by clear and convincing evidence that there was a- change in the character' of the neighborhood to such an extent as to justify rezoning and that a public need éxisted for rezoning. On appeal, Little argues that the Ocean Springs Board of Aldermen.denied his petition because it erroneously defined the “neighborhood” as too small an area. But because we find that the Board acted within its discretion in finding that Little did not provide clear and convincing evidence of a public need for rezoning, we affirm.
FACTS
¶ 2. This is the fourth time Little has unsuccessfully sought rezoning of part of the Davis Bayou subdivision (1973, 1991, and 2004) from R-l (the most restrictive *211 residential zone allowing only single family residential) to - C-2 (intended for personal and business services and retail business of the community). Five other owners joined in Little’s petition. Combined, they owned eleven of the thirty-six lots constituting the subdivision.
¶ 3. In addition to residential zoning, the subdivision is located along Highway 90 and west of downtown Ocean Springs. Along Highway 90 are commercial businesses, and a few miles from the city center, the scenery becomes less developed. Traveling down Highway 90, bustling commerce turns to nature, and at this transition Mes the Davis Bayou Subdivision. The petitioners own the lots abutting the highway.
¶4. All lots are’subject to covenants restricting their use to residential purposes. The covenants recite that they are effective as written through January 1, 1986, and then, unless modified by a majority of the owners, shall automatically extend for successive ten-year terms. One lot is for community use and another is a park, both of which the residents regularly use. The remaining thirty-four lots are limited to detached single family dwellings with garages holding no more than two vehicles.
¶ 5. The Ocean Springs Planning Commission voted unanimously to recommend denying the application. Little appealed to the Board, which, after a hearing, unanimously denied it. After an unsuccessful appeal to the circuit court, he is now before this Court.
DISCUSSION
¶ 6. An appMeant seeking rezoning must prove by clear and convincing evidence either that (1) there was a mis*-take in the original zoning, or (2) the character of the neighborhood has changed to such an extent as to justify rezoning and that a public need exists for rezoning. Edwards v. Harrison Cty. Bd. of Sup’rs, 22 So.3d 268, 274 (¶ 20) (Miss.2009). The Board’s actions.have a presumption of va-Mdity. Thomas v. Bd. of Sup’rs of Panola Cty., 45 So.3d 1173, 1181 (¶ 23) (Miss.2010). “The action of the zoning authority must not be disturbed where the issue is fairly debatable.” Id.
¶ 7. Little contends that the Board erred by classifying the subdivision as a neighborhood since it is a single street consisting of thirty-six lots.[1] Thus, he argues there has been a change of character in the neighborhood, and the Board erred in deciding against rezoning. But Little also had to convince the Board that there was a public need for rezoning. He argues that he demonstrated a public need through five pieces of evidence: (1) higher tax revenue, (2) commercial expansion, (3) consistency with the comprehensive plan, (4) changes in traffic patterns, and (5) record statements of a Board member agreeing with his position regarding such changes. ' -
¶ 8. While tax revenue can be a valid consideration along with other evidence tending to. show that there is a public need, it cannot be a, deciding factor standing alone. Fondren N. Renaissance v. Mayor & City Council of Jackson, 749 So.2d 974, 979 (¶ 16) (Miss.1999). A need for commercial expansion is also a valid reason, see McWaters v. City of Biloxi, 591 So.2d 824, 828 (Miss.1991), as is consistency with a comprehensive zoning plan. See Woodland Hills Conservation Ass’n v. *212 City of Jackson, 443 So.2d 1173, 1181 (Miss.1983).
¶ 9. Not all of Little’s evidence points to a public need, however. His evidence of expanding traffic could reflect a change in the neighborhood, but it does not necessarily demonstrate a public need for rezoning. And the alderman’s comments cited by Little actually-suggest the opposite, as the alderman' concluded his comments by saying that he did not have sufficient information to find a public need because he wanted to investigate the impact on the current residents further.
¶ 10. The totality of the facts presented by Little and his co-petitioners may have been sufficient to allow exercise. of the Board’s discretion in favor of rezoning. However, a contrary decision is likewise within that discretion.
 ¶ 11. The Board of Aldermen is the fact-finder, charged with determining the public needs of Ocean Springs. Our deferential standard of review reflects the judiciary’s reluctance to meddle in local affairs where the aldermen know best the issues affecting their constituents. “Issues of zoning are not judicial, but rather, legislative . in nature.” Thomas, 45 So.3d at 1180 (¶ 20). Thus, the Board’s decision will be upheld when “fairly debatable” given the evidence, unless it is clearly shown to be arbitrary, capricious, discriminatory, illegal, or not’ supported by substantial evidence. Id. at 1181 (¶ 22).
¶ 12. The question then becomes whether the point at issue was fairly debatable. Here, both sides presented reasonable arguments. At the hearing, the petitioners demonstrated through their attorneys and experts that the comprehensive plan supported a zoning change, that tax revenues would increase, and that neighboring areas have become more commercial in nature. Those opposing rezoning, appearing without assistance of counsel, focused on the human side: residents argued that rezoning would jeopardize their investments in the neighborhood, both emotional and financial. Some families had lived in the neighborhood for generations, and others feared they would have to move after having spent much of their lives there. The residents argued that their neighborhood remains a beautiful place to live, and that restrictive covenants governing the subdivision would not allow commercial development in any ' event.
¶ 13. These were appropriate considerations. “[0]ur supreme court held that substantial weight [may] be given to the concerns of [the] citizenry in - determining whether a public need exists for rezoning.” Mayor & Bd. of Aldermen v. Estate of Lewis, 963 So.2d 1210, 1216 (¶ 13) (Miss.Ct.App.2007). “Purchasers of small tracts of land invest a substantial portion of their entire lifetime earnings, relying upon a zoning ordinance. Without the assurance of the zoning ordinance, such investments would not be made. On this smalí area they build their, homes, where they expect to spend the most peaceful* restful and enjoyable hours of the day.” Id. (quoting Mayor & Comm’rs of Jackson v. Wheatley Place Inc., 468 So.2d 81, 83 (Miss.1985)). “Homeowners are the backbone of any community. They take pride in developing and maintaining attractive homes and yards, and anything that discourages this wholesome attitude on their part hurts the community.” City of Jackson v. Wilson, 195 So.2d 470, 473 (Miss.1966).
¶ 14. After considering both sides, the Board unanimously decided against rezoning. The transcript of the public hearing reflects that the Board considered the Planning Commission’s unanimous vote to recommend against rezoning, the statements of those living in the area, *213 testimony of real estate development experts, and their own knowledge of the area.[2] One alderman acknowledged that the area had changed, but he nevertheless voted to deny the petition.
¶ 15. The on-the-record comments of the individual board members illustrated that the conclusions advocated by both sides were fairly debatable, and were, in fact, fairly debated on the record. Giving weight to the homeowners’ concerns was not error. See Estate of Lewis, 963 So.2d at 1216 (¶ 13). Thus we cannot disturb the Board’s decision since' it was neither arbitrary nor capricious. See Thomas; 45 So.3d at 1181 (¶ 23); Drews v. City of Hattiesburg, 904 So.2d 138, 140 (¶ 5) (Miss.2005).
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ„ CONCUR.

. While Little claims that the neighborhood is one street, it in fact includes a frontage road as well.

. "It is both proper and desirable that re'zoning decision makers consider information they have acquired outside the hearing room.” Thomas, 45 So.3d at 1182 (¶ 29) (quoting Woodland Hills, 443 So.2d at 1180).