184 So.2d 384 (1966)
Mrs. Myra LEWIS et al.
v.
CITY OF JACKSON and Colonial Country Club, Inc.
No. 43841.
Supreme Court of Mississippi.
March 21, 1966.
*385 Lawrence J. Franck, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, for appellants.
Wells, Thomas & Wells, E.W. Stennett, Alex A. Alston, Jr., Roland D. Marble, Jackson, for appellees.
INZER, Justice:
This is a zoning case. The principal question to be determined is the validity of an ordinance of the City of Jackson which amended its zoning ordinance so as to rezone 8.93 acres of land owned by the Colonial Country Club, Inc. from A-1 residential to commercial. We hold that the action of the City Council under the facts and circumstances of this case was unreasonable, arbitrary and capricious, and for that reason, the ordinance is invalid.
Appellee, Colonial Country Club, Inc., hereinafter referred to as the Club, owns a tract of land situated in the northeast part of the City of Jackson. The Club is a non-profit organization consisting of about 351 stockholders and over 500 members who pay dues. The Club was in existence and operating when the city limits of the City of Jackson were expanded in 1960 so as to include its property within the City. All of the Club's property was then zoned A-1 residental. The Club made no objection to being included within the City or to the zoning of its property as residential. In June 1964 the Club made application to have 8.93 acres of its land rezoned from residential to commercial. This land was vacant property, and after the application was granted, the Club proposed to build thereon an enclosed mall shopping center. The tract of land is located on the west side of the 5700 block of Old Canton Road. On the south, it is bounded by Parkway Drive and is bounded on the north by North Park Drive. On the west, it joins other property owned by the Club. The City Council referred the application to the zoning committee of the Planning Board of the City of Jackson. The committee gave notice and held hearings on the application. Appellant, Mrs. Myra Lewis, and other residents and property owners in the community objected to the granting of the petition. After hearing the matter, the zoning committee filed its report and recommended that the application be denied. After giving notice, the City Council conducted a hearing, and appellant and others again objected and protested to the granting of the petition. On January 12, 1965, the City Council entered an order granting the petition and amending its zoning ordinance so as to rezone the property from A-1 residential to commercial, upon certain conditions set out in the order. From this order, appellants appealed to the Circuit Court of the First Judicial District of Hinds County. The circuit court affirmed the action of the *386 Council, and appellants then appealed to this Court.
The order appealed from recites that the objections and protests were overruled and that the petition for the rezoning would be to the best interest of the City of Jackson, and should be granted, subject to the conditions and limitations therein set out. After making these findings and describing the property, the order recites the following conditions:
* * * (B)e and the same is hereby rezoned from residential A-1 to commercial uses and purposes, and the City Engineer be and he is hereby authorized and directed to make note of the change on the zoning map of the City. It is specifically provided, however, that the said property is hereby rezoned and changed from residential to commercial uses and purposes on the condition that the owners thereof will begin commercial activity on the said property within two years from the date of this ordinance and that their failure to begin such commercial activity, which commercial activity includes but is not necessarily limited to construction and arrangements for leases, financing and the establishment of a shopping center on the said property, and conditioned further that upon their failure to so do within the said period of two years then the rezoning of said property shall revert from said commercial uses and purposes to residential A-1; provided, further that before a permit is issued for any commercial buildings on the said property adequate off-street parking facilities must be provided by the owner and developer thereof; and provided further that a low-rise screen, consisting of either a fence or adequate hedge development not to exceed the average and ordinary height of an automobile hood, be constructed and installed along the boundary line of the property above described where the same abuts the north line of Parkway Drive so as to protect the residents of the area on the opposite side of said Parkway Drive from automobile lights in the area; and conditioned further upon provision being made for the widening of the Old Canton Road along the east line of said property to a width not to exceed one hundred feet (100').
Appellants assign as error on the part of the circuit court the following:
The Court erred in holding that the Ordinance passed by the Council of the City of Jackson on January 12, 1965, and appearing in Minute Book "R", at page 285 thereof, in the records of said City, was adopted in the lawful exercise of the legislative authority of the City of Jackson, Mississippi.
The Court erred in holding that the aforesaid Ordinance was within the power of the said City Council to enact.
The Court erred in entering its judgment dated the 24th day of May, 1965, upholding and confirming said Ordinance and in denying and dismissing the appeal perfected to said Court by the Appellants herein.
We are of the opinion that the Circuit Court was in error in affirming the action of the City Council for the reasons hereinafter stated. These reasons make it unnecessary to decide and we prefer to defer any decision as to whether the so-called "spot zoning" is illegal under our zoning statute and whether the conditions and limitations set out in the ordinance invalidate it. This case is controlled by the law announced in the case of City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962), and the authorities therein cited. We held in the Bridges case, supra, that the burden of proof was upon the petitioners seeking the change in a zoning ordinance to prove a public need for the change. We further held that before rezoning, the proof must show that there was either some mistake in the original zoning or that conditions in the area had changed so as to warrant the rezoning.
*387 The record reflects that the zoning committee conducted at least two hearings relative to this application. It made a study of the area involved and the characteristics of the housing units within an eighteen-block area. It heard numerous witnesses, both for the petitioners and for the protestants. A summary of the evidence that was before the committee is in their report to the City Council. After a thorough investigation and study, the committee was of the opinion that any further rezoning in the area, and particularly the property in question, would be an encroachment upon the residential values in the neighborhood and would be detrimental to the health, safety, morals and welfare of the community. It recommended to the City Council that the request for rezoning be denied. The findings and recommendations of the zoning committee are not binding on the City Council. The zoning committee acts only in an advisatory capacity. Thereafter the City Council held a public hearing on the application. The testimony before the Council, as shown by the bill of exceptions, was practically the same as was before the zoning committee. The substance of the testimony on behalf of the petitioners was that the primary purpose of the Club in seeking the rezoning of this property and the construction of a shopping center thereon was to obtain funds to build a new clubhouse. The president of the Club was of the opinion that such a shopping center would be of benefit to the City. The architect for the Club was of the opinion that the area was sufficiently developed to sustain another shopping center facility at that time; however, he had made no survey, and none had been made by the petitioners, to determine the economic feasibility of another shopping center in this area. Mr. V.L. Culbertson, a member of the Club who resides on Parkway Drive immediately across the street from the Club, was in favor of rezoning because of the increased residential development in the area in the last ten years. Petitions signed by a large number of the members of the Club are in evidence. The petitioners did not contend that any change had occurred to justify the rezoning of the property, but based their request for rezoning upon their opinion that such rezoning and construction of a shopping center would result in the highest and best use of the property sought to be rezoned, and would be beneficial to the other lands owned by the Club.
The gist of the testimony on behalf of the protestants was to the effect that immediately across Old Canton Road from the property sought to be rezoned is an area already zoned commercial and not as yet developed; that adjacent to this property to the south is the Colonial Mart, which is a partly developed shopping center. The proof of the protestants shows that there was no immediate need for another shopping center in this area. Mr. Sidney E. Doyle, a professor at the University of Mississippi and an expert in this field, made a study of the area and filed a report with the zoning committee. It was his opinion that there was more than ample property already zoned commercial immediately across Old Canton Road from the property in question to meet all present needs for commercial development. The Colonial Mart Shopping Center has not as yet been fully developed, and has other space for further development when needed. It was his opinion that another shopping center in this area would be impractical and would result in financial failure of the old as well as the new shopping center. The other evidence on behalf of the protestants was that the rezoning of the property would have an adverse effect on the property values of the other property in this immediate neighborhood.
The evidence does not show, and the Council did not find, that conditions had changed in this community which would make it to the best interest of the City to rezone this property. Under these circumstances, the rezoning from residential to commercial is unreasonable, arbitrary and capricious. In reaching this conclusion, we *388 are not unmindful of the rule of law that all presumptions must be indulged in favor of the validity of the zoning ordinances, and that this presumption applies to rezoning but not to the same degree, the presumption being that the original zoning was well planned in the first instance and intended to be more or less permanent. We are also mindful of the rule of law that we will not disturb a finding of the City that conditions have changed so as to warrant rezoning if the question is fairly debatable. The difficulty here is that there is no finding by the City Council of any changes and no evidence to support such findings, had it been made. When we examine the order of the Council, we do not find anything therein to reflect that it considered the question of whether there had been any change of conditions so as to make it to the best interest of the City to rezone this property. Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953).
While we do not reach the question of whether the conditions placed in the order rezoning this property invalidates the order, the general rule seems to be that zoning authorities may not impose conditions and limitations in an order rezoning property. The condition and limitation placed in this order throw light upon the question of whether there was any real need or benefit to be derived to the City and this community by rezoning this property. The fact that the order provides that unless construction work is begun within two years that the property would then automatically be rezoned as residential is a clear indication that there was no real reason or need to rezone this property in the first place.
For the reasons stated, we are of the opinion that the circuit court was in error in affirming the action of the City Council and that this case must be reversed and judgment entered here for the appellants.
Reversed and judgment here for appellants.
ETHRIDGE, C.J., and RODGERS, JONES and BRADY, JJ., concur.