227 So.2d 862 (1969)
Leroy MOORE, Ray Shaver and John Oglevee
v.
MADISON COUNTY BOARD OF SUPERVISORS.
No. 45490.
Supreme Court of Mississippi.
November 10, 1969.
*863 Herring & Herring, Canton, for appellants.
Powell, Fancher & Fancher, Canton, for appellee.
BRADY, Justice:
This is a zoning case appealed from the Circuit Court of Madison County, Mississippi. The property involved contains thirty acres in the Southwest Quarter of the Southwest Quarter of Section 32, Township 7 North, Range 2 East. It is owned by Mrs. Lottie R. Rhoades. On November 16, 1967, she gave an option to Leroy Moore, Ray Shaver, and John Oglevee, the purchase price being $100,000. The property was at that time, and still is, zoned S-15, suburban residential, according to the Madison County, Mississippi, zoning and subdivision ordinances of 1964. The option was conditioned on the persons named securing an order changing the property to commercial and industrial, Zone C, under said Madison County zoning ordinances. The appellants' request for rezoning of the property was informally and formally presented to the Planning and Development Commission of Madison County, which declined on both occasions to recommend the rezoning and recommended that the property be not rezoned, by letter to the Madison County Board of Supervisors. At a full hearing of the Board of Supervisors of Madison County, the Board denied the petition and refused to rezone the property. The Board of Supervisors rendered its decision on August 5, 1968. On September 14, 1968, the Board adopted a resolution amending the resolution of August 5 in order that the record would correctly and adequately reflect its findings and reasoning in denying the petition. All actions taken by the Board in this entire matter were by unanimous vote of the membership.
Appellants prosecuted an appeal from the decision of the Board of Supervisors to the Circuit Court of Madison County, Mississippi. On January 21, 1969, the Circuit Court affirmed the decision of said Board of Supervisors and denied the petition of the appellants. The appellants herein are now appealing from the decision of the lower court and the decision of the Board of Supervisors of Madison County, Mississippi, on the grounds that the decision was unreasonable, arbitrary and capricious, an abuse of discretion, and totally unfounded by the evidence presented.
It is a basic rule in the law of zoning that where a board or city or county officials, under authority conferred by the legislature, has enacted a zoning ordinance, judicial review of action taken by the board is restricted and narrow in scope. An attack upon a zoning ordinance, to be successful, must show affirmatively and clearly that it is arbitrary, capricious, discriminatory, or illegal. The presumption of reasonableness and constitutional validity applies to rezoning as well as to original zoning. The courts presume that original zoning is well planned and designed to be permanent. Accordingly, it is a firmly established rule that before a zoning board reclassifies property from one zone to another, there should be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968).
In the instant case there was no evidence to show that the original zoning was erroneous. Likewise, the evidence failed to establish that since the adoption of the zoning map there had been any such change in the character of the neighborhood as to require reclassification. Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss. 1969).
*864 On an appeal from an order of the zoning board it is not the function or the right of the reviewing court to zone or rezone, but only to decide whether the board's action was arbitrary, capricious, or discriminatory or illegal. Whatever may be the personal opinion of the court on zoning, the law is settled that on appeal from a decision of a zoning board, the court cannot substitute its own judgment as to the wisdom or soundness of the board's action. Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss. 1969); Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968); Sunray DX Oil Co. v. City of Jackson, 209 So.2d 838 (Miss. 1968); Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966); Westminster Presbyterian Church v. City of Jackson, 253 Miss. 495, 176 So.2d 267 (1965); City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962); Grant, Summary of Mississippi Law, §§ 3854 and 3868 (1969).
There being no proof of mistake, change or confiscation, we are unable to find any support for the appellants' contention. The case is therefore affirmed.
Affirmed.
GILLESPIE, P.J., and RODGERS, INZER and ROBERTSON, JJ., concur.