ROBERTSON, Justice:
Within the space of six years, three requests to rezone from A-l Residential to Commercial the single family residence property at the northeast corner of the intersection of Clinton Boulevard and Cole-brook Drive were filed with the Jackson City Council. The City Council denied the first request to rezone on February 23, 1965; the Circuit Court of Hinds County reversed the City Council and ordered the rezoning; and on November 14, 1966, this Court, in City of Jackson v. Wilson et al., 195 So.2d 470 (Miss. 1966), reversed the judgment of the Circuit Court and reinstated the order of the City Council denying the request to rezone.
On June 17, 1969, the Jackson City Council again refused to rezone this same property, and other property east of it, from A-l Residential to Commercial. The owners appealed to the Circuit Court of Hinds County and again the Circuit Court reversed the order of the City Council and granted the rezoning. On November 9, 1970, in City of Jackson v. Gaddy et al., *343 241 So.2d 364 (Miss.1970), this Court again reversed the judgment of the Circuit Court and again reinstated the order of the City Council denying the requested rezoning. The order of this Court became final on December 14, 1970, when the Petition for Rehearing was denied.
On April IS, 1971, the third request to rezone this residential property from A-l Residential to Commercial was filed by the new owners, J. J. Ratliff and Mary S. Ratliff. The only difference between this third petition to rezone and the other two petitions was that this request stated that the planned use of the property was for an “Office and curb service center” rather than a service station. This time the Jackson City Council reversed itself and ordered the rezoning of this residential property from A-l Residential to Commercial.
In its rezoning ordinance, the City Council did not find that there had been a material change in the neighborhood, but in its ordinance merely stated: “[S]uch objections and protests that were made to said change were not well taken and it appearing to the Council that such change would be proper and to the best interest of the City; ...”
Since the first request for rezoning in 1965, there has been no change whatsoever in the block of single family residences bounded by Clinton Boulevard on the south, Colebrook Drive on the west, Springfield Circle on the north, and Manchester Avenue on the east. Neither has there been any change in the block of single family residences along Clinton Boulevard and immediately to the east of the block containing subject property. Neither has there been any change in the blocks immediately north of subject property.
The Humble Oil Company service station on the northwest corner of the intersection of Clinton Boulevard and Cole-brook Drive (immediately across'the street from subject property) has been closed and the Texaco service station on the south side of Clinton Boulevard has been closed. This would seem to us to constitute irrefutable evidence that there was no public need for these commercial ventures in this • particular neighborhood.
The only change proved in the case at bar was on the south side of Clinton Boulevard between Dixon Road on the east and Dexter Drive on the west. Two lots were rezoned from A-l Residential to Commercial on June 29, 1969, for the purpose of constructing still another service station, a Shell service station this time.
This change was perfectly consistent with our reasoning in City of Jackson v. Wilson, supra, wherein we said:
“The City Council could very logically have reasoned that Clinton Boulevard was the proper dividing line between residential properties on the north side and commercial properties on the south side, and that the value of the highly developed home properties in the block bounded by Clinton Boulevard on the south, Colebrook on the west, Springfield Circle on the north and Manchester Avenue on the east, would be greatly depreciated by the location of a filling station on the Wilson property.” 195 So.2d at 472-473.
The burden of proof was upon Mr. and Mrs. J. J. Ratliff to prove by credible, evidence that there had been a substantial change in the residential neighborhood north of Clinton Boulevard since June 17, 1969, when the City Council refused to rezone subject property for a second time. This the Ratliffs completely failed to do. The City Council, in its ordinance rezoning this property, did not list any change, nor did it find that any change had been made.
In ruling on a similar ordinance in Lewis v. City of Jackson and Colonial Country Club, Inc., 184 So.2d 384 (Miss.1966), we said:
“The evidence does not show, and the Council did not find, that conditions had *344 changed in this community which would make it to the best interest of the City to rezone this property. Under these circumstances, the rezoning from residential to commercial is unreasonable, arbitrary- and capricious.” 184 So.2d at 387.
We also said in Lewis:
“This case is controlled by the law announced in the case of City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962), and the authorities therein cited. We held in the Bridges case, supra, that the burden of proof was upon the petitioners seeking the change in a zoning ordinance to prove a public need for the change. We further held that before rezoning, the proof must show that there was either some mistake in the original zoning or that conditions in the area had changed so as to warrant the rezoning.” 184 So.2d at 386.
The Ratliffs neither proved "a public need for the change” nor “that conditions in the area had changed so as to warrant the rezoning.” Two blocks east of subject property in the Warren shopping center is a “curb service center”, the same type business the Ratliffs propose to construct on subject property. The E-Z Shopette advertises that it is open 7 days a week from 7:00 A.M. to 11:00 P.M.
We find that no material change has occurred in this neighborhood; that the City Council also did not find that a material change had occurred; that the burden of proof to prove a material change and a public need for the change was not met by the appellees; and that the judgment of the Circuit Court affirming the Order of the City Council should be reversed and the petition to rezone from A-l Residential to Commercial should be denied.
Reversed and judgment here for appellants.
GILLESPIE, C. J., and JONES, SMITH and SUGG, JJ., concur.