300 So.2d 442 (1974)
J.W. UNDERWOOD et al.
v.
CITY OF JACKSON and Frances H. Campbell.
No. 47675.
Supreme Court of Mississippi.
September 16, 1974.
Watkins, Pyle, Ludlam, Winter & Stennis, Robert H. Weaver, C. Alton Phillips, Randall B. Wall, Jackson, for appellants.
Mason & Swindoll, Jackson, for appellees.
WALKER, Justice:
This is an appeal from an order of the Circuit Court of Hinds County, Mississippi, affirming the action of the City Council of Jackson, Mississippi, rezoning certain property from residential A-1 to commercial.
The record reveals that in 1966 and again in 1969 petitions to rezone the subject property from residential A-1 to commercial were denied. The petition out of which this appeal arises was filed on July 12, 1971. After due notice to all parties in interest, a hearing was held before the Zoning Board as provided by City Ordinance. At the conclusion of the hearing, the Zoning Board made the following recommendation:
The Zoning Board requested a 30 day postponement for further study. However, the Board feels that the broad spectrum of commercial zoning would be too liberal for the proposed intent, therefore, the Board would recommend that this case be held until such time as the proposed new Zoning Ordinance with restricted degrees of commercial uses allowed be adopted.
After this recommendation by the Zoning Board and a number of continuances, the City Council on February 22, 1972, entered its order rezoning the subject property *443 from residential A-1 to commercial. The pertinent parts of that order to rezone are as follows:
WHEREAS, Francis (sic) Campbell, petitioned the Council to rezone from Residential A-1 to Commercial purposes... .
... and such objections and protests that were made to said change were not well taken and it appearing to the Council that such change would be proper and to the best interest of the City;
......
... said property is hereby rezoned and changed from Residential A-1 to Commercial uses and purposes....
The appellant contends that the lower court erred in affirming the order of the City Council rezoning the subject property from residential A-1 to commercial. He asserts that the rezoning order was arbitrary and capricious in that the petitioner neither established any material change in circumstances in the neighborhood nor showed a public need for rezoning since July, 1969, when the last petition to rezone was denied.
The only material evidence offered in support of petitioner's request to rezone his property from residential A-1 to commercial was that of a professional real estate appraiser who testified that in his opinion the highest and best use of the subject property was commercial and that there had been an increase in the traffic flow along Hanging Moss Road on which the property fronts. The testimony of the petitioner himself was to the effect that the only way he could sell his property was to have it zoned commercial. The remaining evidence, including evidence by appellant, petitioner and petitioner's appraiser, showed that the neighborhood is basically the same as it was in 1969 when the last petition to rezone was denied. There has been no rezoning in the immediate neighborhood affecting the property; there are no new commercial establishments; the shopping center in the neighborhood is still being developed, and there is a great deal of commercially zoned property in the immediate area which has not been developed.
It is well settled that a municipality may amend its zoning ordinances whenever it deems conditions warrant such a change. However, before rezoning, it must be shown that there was some mistake in the original zoning or that conditions in the neighborhood have changed so as to warrant rezoning. City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962).
It is also well settled that a change in such regulations involving a single or a very few properties should be made only where new or additional facts or other considerations materially affecting the merits have intervened since the adoption of the regulations. Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953). Additionally, a person seeking a change in a zoning ordinance has the burden of proving a public need for the amendment in question. Holcomb, supra.
This case come squarely within the holdings of Harris v. City of Jackson, 268 So.2d 342 (Miss. 1972). In Harris, there were three petitions to rezone a parcel of property located on Clinton Boulevard. The first two requests were denied by the City Council. The third request resulted in a rezoning by the City Council which entered an order almost identical to the order of February 22, 1972, in the instant case. There the Court held:
The burden of proof was upon Mr. and Mrs. J.J. Ratliff to prove by credible evidence that there had been a substantial change in the residential neighborhood north of Clinton Boulevard since June 17, 1969, when the City Council refused to rezone subject property for a second time. This the Ratliffs completely failed to do. The City Council, in its ordinance rezoning this property, *444 did not list any change, nor did it find that any change had been made.
In ruling on a similar ordinance in Lewis v. City of Jackson and Colonial Country Club, Inc., 184 So.2d 384 (Miss. 1966), we said:
"The evidence does not show, and the Council did not find, that conditions had changed in this community which would make it to the best interest of the City to rezone this property. Under these circumstances, the rezoning from residential to commercial is unreasonable, arbitrary and capricious." 184 So.2d at 387.
We also said in Lewis:

"This case is controlled by the law announced in the case of City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962), and the authorities therein cited. We held in the Bridges case, supra, that the burden of proof was upon the petitioners seeking the change in a zoning ordinance to prove a public need for the change. We further held that before rezoning, the proof must show that there was either some mistake in the original zoning or that conditions in the area had changed so as to warrant the rezoning." 184 So.2d at 386. (268 So.2d at 343-344).
We are of the opinion that the petitioner Campbell wholly failed to meet his burden of showing a material change in the neighborhood or a public need for the rezoning.
We find that no material change has occurred in the neighborhood; that the City Council also did not find that a material change had occurred; that the burden to prove a public need for the change was upon appellee and was not met; and that the Council's rezoning order from residential A-1 to commercial was unreasonable, arbitrary and capricious. For these reasons, the judgment of the Circuit Court affirming the order of the City Council should be reversed, and the petition to rezone from residential A-1 to commercial should be denied.
Reversed and judgment here for appellant.
RODGERS, P.J., and SMITH, ROBERTSON and BROOM, JJ., concur.