This is an appeal from an order of the Circuit Court of Lincoln County affirming a decision of the Mayor and Board of Aldermen of the City of Brookhaven to rezone and reclassify certain property within the city from commercial to residential.
The property which is the subject of this appeal is located on the northeast corner of the intersection of North Jackson Street and Powell Street in the City of Brookhaven. It consists of Lots 1, 2 and the south 25 feet of Lot 3, Block One, of the Powell Subdivision and measures 125 feet by 120 feet.
On February 12, 1973, Jitney-Jungle, Inc. (hereinafter Jitney) obtained an option to purchase the property for $12,000. On February 19, 1973, Jitney exercised its option to purchase the property and a warranty deed to the property was delivered to it on March 12, 1973.
Jitney filed an application for a building permit on March 15, 1973, but no action was taken on the application because a petition had been filed March 6, 1973 requesting that the property be rezoned from commercial to residential. The petition was prepared and signed by more than 60 residents of the area after they learned that Jitney had purchased the property in order to build a convenience food store.
The Mayor and Board of Aldermen referred the request for rezoning to the City Planning Commission for study, opinion and recommendation. The Planning Commission found that the proposal to rezone the subject property from commercial to residential would improve and not damage the comprehensive zoning plan of the City. After receiving the recommendation of the Planning Commission, the Mayor and Board of Aldermen held a hearing on the petition to rezone on April 24, 1973.
The original zoning ordinance for the City of Brookhaven became effective January 1, 1959, and by it the subject property as well as another small parcel of property directly across North Jackson Street were zoned commercial. The commercial property was located in the approximate center of an area more than one-half mile long, east and west, and more than one-half mile wide, north and south, which was zoned residential. It was zoned commercial rather than being classified as a non-conforming use, thus creating a small commercial island near the center of a residential area. When the original zoning ordinance was adopted, a commercial enterprise was operating on the subject property. The commercial use continued until Colonial Baking Company sold the property to Jitney.
Beginning in the late 1940's and continuing to the date of the hearing, there was substantial residential development of the property surrounding the subject property. Before the adoption of the original zoning ordinance, Robertson Heights Subdivision, southeast of the subject property, Powell Subdivision of which the subject property is a part and Day Subdivision, located about 500 to 600 feet east of the subject property, were developed on the east side of North Jackson Street. There was a lesser amount of residential development on the west side of North Jackson Street. After the original zoning ordinance was adopted, residential development continued in accordance with the original plan resulting in the construction of about 65 houses in the immediate area of the subject property. Incidental to the residential development of the area, schools and churches have been built there.
After the hearing, the Mayor and Board of Aldermen found, (1) that the conditions had changed substantially in the area requiring rezoning in the best interest of the City and, (2) that there was a public need for rezoning.
In order to obtain the rezoning of property, the petitioner requesting rezoning has the burden of proving that there was a mistake in the original zoning plan or that the character of the neighborhood has changed to such an extent as to justify the *Page 654 
rezoning. Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968). It has also been held that one seeking a change in a zoning ordinance has the burden of proving a public need for that change. Harris v. City of Jackson, 268 So.2d 342 (Miss. 1972); City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962).
The uncontradicted evidence in this case shows that the subject property was zoned commercial and has been subjected to such use continuously since the adoption of the original zoning plan, and the surrounding property, which was zoned residential, has continued the trend of residential development. The petitioners for rezoning argue that the construction of 65 additional homes in the area constitute a change in the character in the neighborhood sufficient to justify rezoning. The land use and development in the area of the subject property has been in exact accord with the original zoning plan, and there is no allegation that a mistake was made in the original plan. When an area develops in accordance with a comprehensive zoning plan, a request for spot zoning should be denied absent proof of a mistake in the original plan or proof of change in the character of the neighborhood justifying rezoning in the interest of public welfare. If the latter proposition is relied on, a clear public need to rezone must also be shown. In City of Jackson v. Bridges,supra, this Court stated:
 "Ordinarily a change in zoning regulations involving a single or a very few properties should be made only where new or additional facts or other considerations materially affecting the merits have intervened since the adoption of the regulations, and whether such a change will be permitted depends on whether the change is reasonably related to the public welfare." (243 Miss. at 655, 139 So.2d at 664).
It is manifest that there has been no material change in the character of the neighborhood since the adoption of the original zoning plan in 1959, nor is there a present public need for rezoning. The Circuit Court should have reversed the action of the Mayor and Board of Aldermen, vacated the zoning ordinance and dismissed the petition for rezoning.
Reversed, ordinance rezoning subject property vacated, and petition for rezoning dismissed.
RODGERS, P.J., and PATTERSON, INZER, SMITH, WALKER and BROOM, JJ., concur.