375 So.2d 1200 (1979)
Elizabeth H. SULLIVAN et al.
v.
CITY OF BAY ST. LOUIS and Milton Fortier.
No. 51485.
Supreme Court of Mississippi.
October 10, 1979.
Mize, Thompson & Blass, John C. Ellis, Gulfport, for appellants.
Gex, Gex & Phillips, Walter J. Phillips, Bay St. Louis, for appellees.
Before SMITH, LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The Circuit Court of Hancock County affirmed an order of the City of Bay St. Louis Council (City Council) rezoning six (6) lots in said city owned by Milton Fortier. Elizabeth H. Sullivan and seven (7) other individuals opposed the rezoning of said lots and have appealed from that judgment.
*1201 The Bay St. Louis City Council adopted a Comprehensive Zoning Ordinance on May 4, 1976, which zoned the property involved here as R-2, Residential District-2 family-duplex. On August 17, 1977, Milton Fortier filed an application with the City Council for an amendment to the ordinance which would rezone said property from R-2 to R-3, residential district multi-family classification. He desired to construct an apartment complex on the property at an estimated cost of one million five hundred thousand dollars ($1,500,000). After notices were given to interested individuals, the matter was considered by the planning commission which recommended that the property be rezoned as requested (R-3).
The City Council set the matter for hearing at a special meeting called for December 13, 1977, at which meeting Mr. Fortier and six (6) witnesses testified in behalf of the rezoning amendment. Appellant, Mrs. Sullivan, and eight (8) witnesses testified against the amendment.
The evidence does not indicate that there had been a mistake in the original zoning ordinance, that there had been a material change in the conditions and character of, and around, the area sought to be rezoned, or that there was a public need for the property to be rezoned. The City Council adopted a resolution rezoning the property to R-3 and approved the recommendation of the Planning and Zoning Commission that said property be rezoned. The resolution only adjudicated that "It would be in the best interest of the majority of the citizens of the City of Bay St. Louis to approve the aforesaid zoning change as recommended by the planning and zoning commission and that all things and actions required by law have been done."
The burden of proof was upon appellees to show that the character of the neighborhood had changed to such an extent that it justified rezoning and that there was a public need for rezoning the property. Unless the evidence is clear and convincing as to those requirements, the action of a rezoning board has been held to be arbitrary, capricious and discriminatory. Underwood v. City of Jackson, 300 So.2d 442 (Miss. 1974).
In Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968), the Court stated the principle as follows:
"It is a basic rule in the law of zoning that where a board of city or county officials, under authority conferred by the Legislature, has enacted a zoning ordinance, judicial review of action taken by the board is restricted and narrow in scope. An attack upon a zoning ordinance, to be successful, must show affirmatively and clearly that it is arbitrary, capricious, discriminatory, or illegal. The presumption of reasonableness and constitutional validity applies to rezoning as well as to original zoning. The courts presume that the original zoning is well planned and designed to be permanent. Accordingly it is a firmly established rule that before a zoning board reclassifies property from one zone to another, there should be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27; American Oil Co. v. Miller, 204 Md. 32, 102 A.2d 727; Temmink v. Board of Zoning Appeals of Baltimore County, 205 Md. 489, 109 A.2d 85." 215 So.2d at 417.
In Lewis v. City of Jackson, 184 So.2d 384 (Miss. 1966), the Court said:
"The evidence does not show, and the Council did not find, that conditions had changed in this community which would make it to the best interest of the City to rezone this property. Under these circumstances, the rezoning from residential to commercial is unreasonable, arbitrary and capricious. In reaching this conclusion, we are not unmindful of the rule of law that all presumptions must be indulged in favor of the validity of the zoning ordinances, and that this presumption applies to rezoning but not to the same degree, the presumption being that the original zoning was well planned in the first instance and intended to be more *1202 or less permanent. We are also mindful of the rule of law that we will not disturb a finding of the City that conditions have changed so as to warrant rezoning if the question is fairly debatable. The difficulty here is that there is no finding by the City Council of any changes and no evidence to support such findings, had it been made. When we examine the order of the Council, we do not find anything therein to reflect that it considered the question of whether there had been any change of conditions so as to make it to the best interest of the City to rezone this property. Holcomb v. City of Clarksdale, 217 Miss. 892, 65 So.2d 281 (1953)." 184 So.2d at 387-388.
The circuit court affirmed the order of the City Council and recited in the judgment that the matter had been heard and carefully considered on the bill of exceptions and that no reversible error was found therein. We are of the opinion that the appellees wholly failed to meet the burden of proof imposed upon them, that the City Council erroneously rezoned the subject property and that the trial judge erred in affirming the City Council's order.
Therefore, the judgment of the lower court is reversed and judgment is rendered here in favor of the appellants.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.