376 So.2d 1072 (1979)
R. J. WATTS, Jr., et al.
v.
CITY OF WIGGINS et al.
No. 51468.
Supreme Court of Mississippi.
November 14, 1979.
Newton & Newton, J. Benjamin Newton, Jr., Robert S. Newton, James M. Hall, Wiggins, for appellants.
Donald M. Waits, Parsons & Matthews, Thomas M. Matthews, Jr., Wiggins, for appellees.
Before PATTERSON, SUGG and COFER, JJ.
SUGG, Justice, for the Court:
R.J. Watts, Jr. and others petitioned the Mayor and Board of Aldermen of the City of Wiggins to change the zoning classification of certain property from R-3 to R-1 or R-2. The Mayor and Board of Aldermen denied the relief sought by the petition and, on appeal, the Circuit Court of Stone County affirmed.
*1073 Judicial review of the action taken by a board of city or county officials in zoning cases is restricted and narrow in scope. Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968), cited with approval in Sullivan v. City of Bay St. Louis, 375 So.2d 1200, No. 51,485, decided October 10, 1979 (not yet reported), sets forth the scope of judicial review and the burden of proof which must be met by petitioners as follows:
"It is a basic rule in the law of zoning that where a board of city or county officials, under authority conferred by the Legislature, has enacted a zoning ordinance, judicial review of action taken by the board is restricted and narrow in scope. An attack upon a zoning ordinance, to be successful, must show affirmatively and clearly that it is arbitrary, capricious, discriminatory, or illegal. The presumption of reasonableness and constitutional validity applies to rezoning as well as to original zoning. The courts presume that the original zoning is well planned and designed to be permanent. Accordingly it is a firmly established rule that before a zoning board reclassifies property from one zone to another, there should be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27; American Oil Co. v. Miller, 204 Md. 32, 102 A.2d 727; Temmink v. Board of Zoning Appeals of Baltimore County, 205 Md. 489, 109 A.2d 85. (215 So.2d at 417).
The burden of proof is on the parties seeking rezoning to show that the character of a neighborhood has changed to such an extent that rezoning is justified and a public need exists for rezoning the property. Underwood v. City of Jackson, 300 So.2d 442 (Miss. 1974).
The Mayor and Board of Aldermen found that there was no evidence of a mistake in the zoning ordinance of 1975, and the character of the neighborhood had not changed to such an extent to justify rezoning. The evidence supports the finding of the Mayor and Board of Aldermen.
Petitioners also argue that the 1975 zoning ordinance was not effective because it had not been published and part of the ordinance was omitted from the ordinance book. The petitioners also argue the ordinance was invalid for other reasons. In order for the ordinance to take effect, it was necessary for the ordinance to be published and recorded in the ordinance book as required by section 21-13-11 Mississippi Code Annotated (Supp. 1978). In City of Carthage v. William C. Walters, 375 So.2d 228 (Miss. 1979), we held that a zoning ordinance was not effective until the provisions of the section had been complied with. The question of whether an applicant for relief under a zoning ordinance may, in the same proceeding, attack the validity of the ordinance is one of first impression in this state. The general rule is stated in 101 C.J.S. Zoning § 21, pp. 721, 722, as follows:
An applicant for relief under a zoning enactment, regulation, or restriction may not in that proceeding attack its validity, and hence an applicant for an exception or variance to a zoning enactment or a person in an appeal taken under the provisions of a zoning regulation cannot question, in that proceeding, the constitutionality or validity of the enactment or regulation.
On the other hand, a test of the constitutionality or validity of a zoning ordinance, regulation, or restriction is not barred by proceedings authorized by the zoning laws. The fact that a person has exhausted the administrative remedies available to him will not preclude him from later attacking the validity of the zoning regulation or restriction. A property owner's right to attack the validity of a zoning regulation or restriction in a subsequent independent proceeding is not waived, nor is he estopped, by the circumstance that he has on a previous occasion unsuccessfully applied for a variance, exception, or permit, and failed to present the question of validity in his application therefor, or that he has unsuccessfully sought the rezoning of his property, or *1074 taken an appeal under the provisions of a zoning regulation.
A petitioner may not seek a change in a classification of property under a zoning ordinance and at the same time attack the validity of the ordinance. The reason for the principle is evident. The right to seek a change in the classification of property under a zoning ordinance rests on the basis that the ordinance is in effect, and to hold the ordinance invalid, would destroy the basis for the relief sought. In seeking relief from the Mayor and Board of Aldermen, petitioners could not consistently attack the validity of the ordinance which was the sole basis for the relief they sought.
We therefore adopt the rule as quoted above. If petitioners desire to attack the validity of the ordinance, it must be done in a subsequent, independent proceeding.
The City cross-appealed, and states that it does not take issue with the order of the circuit court sustaining the action of the Mayor and Board of Aldermen, but takes issue with that part of the memorandum opinion of the circuit judge which had the effect of invalidating its zoning ordinance. The portion of the memorandum opinion invalidating the zoning ordinance was not included in the final order of the circuit judge. The final order as entered by the circuit court controls; therefore, we do not reach the issue raised by the cross-appeal pertaining to the memorandum opinion.
AFFIRMED ON DIRECT AND CROSS-APPEALS.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.