412 So.2d 1179 (1982)
Mrs. H.T. BELL and David H. Woodward
v.
CITY OF CANTON, Mississippi.
No. 53150.
Supreme Court of Mississippi.
April 21, 1982.
Fair & Mayo, James C. Mayo, Louisville, for appellant.
Powell & Fancher, Joe R. Fancher, Jr., Canton, for appellee.
Before PATTERSON, C.J., and ROY NOBLE LEE and HAWKINS, JJ.
*1180 ROY NOBLE LEE, Justice, for the Court:
The Circuit Court of Madison County, Honorable Alfred G. Nichols, Jr., presiding, affirmed an order of the Mayor and Board of Aldermen of Canton, Mississippi [Canton] declining to approve rezoning certain property within the city from Class A-Residential to Class B-Commercial. The appellants, Mrs. H.T. Bell and David H. Woodward, have assigned four (4) errors in the judgment entered.
The question for decision presented by Assigned Errors I and III is whether or not Canton acted in an arbitrary, capricious, discriminatory and illegal manner in denying the rezoning, whether or not the order was supported by substantial evidence, and whether or not the lower court erred in affirming the order of Canton.
The appellant, David H. Woodward, proposed to develop a shopping center on 13.5 acres of land owned by appellant Bell and on which Woodward had obtained an option to purchase. The proposed shopping center would cover approximately one hundred thirty-four thousand (134,000) square feet, would cost approximately two million dollars ($2,000,000), and would include a large discount store, department store, food store, drugstore, and several smaller rental units for local merchants.
On October 7, 1958, Canton adopted a comprehensive zoning ordinance for property located within the corporate limits and provided that as land was annexed the same would be zoned residential. The subject property was annexed into the city on May 27, 1966, and was zoned residential. The appellants filed a petition, which originated this suit, to rezone the property from residential to commercial in order that the shopping center might be constructed thereon. There was no allegation of mistake in the original zoning ordinance and the petition presented the issue that there had been a material change in the area surrounding the subject property and that the public need required the property to be rezoned commercial. The applicable law is stated in Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss. 1979) and cases cited therein. The Court said:
The burden of proof was upon appellees to show that the character of the neighborhood had changed to such an extent that it justified rezoning and that there was a public need for rezoning the property. Unless the evidence is clear and convincing as to those requirements, the action of a rezoning board has been held to be arbitrary, capricious and discriminatory. Underwood v. City of Jackson, 300 So.2d 442 (Miss. 1974).
In Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968), the Court stated the principal as follows:
"It is a basic rule in the law of zoning that where a board of city or county officials, under authority conferred by the Legislature, has enacted a zoning ordinance, judicial review of action taken by the board is restricted and narrow in scope. An attack upon a zoning ordinance, to be successful, must show affirmatively and clearly that it is arbitrary, capricious, discriminatory, or illegal. The presumption of reasonableness and constitutional validity applies to rezoning as well as to original zoning. The courts presume that the original zoning is well planned and designed to be permanent. Accordingly it is a firmly established rule that before a zoning board reclassifies property from one zone to another, there should be proof either (1) that there was a mistake in the original zoning, or (2) that the character of the neighborhood has changed to such an extent as to justify reclassification. Wakefield v. Kraft, 202 Md. 136, 96 A.2d 27; American Oil Co. v. Miller, 204 Md. 32, 102 A.2d 727; Temmink v. Board of Zoning Appeals of Baltimore County, 205 Md. 489, 109 A.2d 85." 215 So.2d at 417. [375 So.2d at 1201].
See also Fowler v. City of Hattiesburg, 196 So.2d 358 (Miss. 1967).
Evidence and exhibits in support of Canton's decision reflect that directly across Mississippi Highway 16 from the proposed *1181 site is a large and well-established residential district. Adjacent to the site is the Madison County General Hospital. There has been no commercial development or change in the immediate area since adoption of the zoning ordinance. Expert testimony also disclosed that there is no public need for rezoning the area. Property owners across Mississippi Highway 16 from the site and the Madison County General Hospital have strenuously objected to the rezoning.
We are of the opinion that there has been no material change in the area surrounding the proposed rezoning site; that the Mayor and Board of Aldermen did not act arbitrarily, capriciously and discriminatorily in declining to rezone same; that the appellants did not meet their burden by clear and convincing evidence; and that the order is supported by substantial evidence.
It is understood that property owners may feel unfairly dealt with when they are unable to use or dispose of their property for a purpose such as is involved here. However, other people (the public) also have the right to enjoy their property without being offended or disturbed by the use of their neighbor's property. This case presents strong reasons why governmental authorities should carefully and reasonably consider and plan zoning laws, and why property owners should acquaint themselves with such proposed laws, and should know, consider and foresee the effect of zoning upon them and their property if the same are adopted. After such laws have been adopted, the burden to change them is heavy.
AFFIRMED.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and DARDEN, JJ., concur.