417 So.2d 550 (1982)
CITY OF NEW ALBANY, et al.
v.
Howard Lee RAY.
Nos. 53287, 53288.
Supreme Court of Mississippi.
July 21, 1982.
*551 Thomas R. Trout, Darden, Sumners, Carter & Trout, New Albany, for appellants.
Will R. Ford, Ford & Cornelius, Nev Albany, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
ROY NOBLE LEE, Justice, for the Court:
Howard Lee Ray petitioned the City of New Albany to rezone fifteen (15) acres of land from A-1, agricultural with three-acre residential, to R-3, multiple dwelling. Individual citizens protested the change of the zoning ordinance, and the City of New Albany [City] unanimously declined to rezone the property. Ray appealed to the Circuit Court of Union County, which court, Honorable W.W. Brown, presiding, reversed the decision of the City and rezoned the property from A-1 to R-3 (# 53,287). After the City had denied the petition and prior to the hearing before Judge Brown, Ray filed a second petition seeking to rezone the property from A-1 to R-2, two-family dwellings (duplex). The City also denied that petition and, on appeal, the Circuit Court dismissed the appeal as moot, since the first appeal was decided in favor of Ray (# 53,288). The records have been consolidated and are now before this Court on appeal.
I.
THE APPELLEE FAILED TO PROVE BY CLEAR AND CONVINCING EVIDENCE ANY OF THE NECESSARY ELEMENTS TO ESTABLISH A PRIMA FACIE CASE ENTITLING HIM TO A ZONING CHANGE. EVEN ASSUMING FOR THE PURPOSE OF ARGUMENT THAT SUCH A PRIMA FACIE CASE WAS MADE, THERE IS SUBSTANTIAL EVIDENCE IN THE RECORD TO SUPPORT THE DECISION OF THE MAYOR AND BOARD OF ALDERMEN, AND THE CIRCUIT COURT ERRONEOUSLY SUBSTITUTED ITS JUDGMENT FOR THAT OF THE MAYOR AND BOARD OF ALDERMEN.
The City adopted a Zoning Ordinance which became effective June 26, 1980. Appellee filed his request for a zoning change on July 22, 1980, less than one (1) month after adoption of the ordinance. The Zoning and Planning Commission of the City recommended the requested change from A-1 to R-3. A full hearing was scheduled before the Mayor and Board of Aldermen. Approximately one hundred (100) citizens protested the requested rezoning, including a large majority of landowners adjacent to, and surrounding, the Ray property.
Appellee proceeded on the theory that there was a mistake in the original zoning of his property as A-1 and that the classification was a "holding" situation until such time as the need developed for rezoning to another classification. He also contended that there was a public need for the rezoning.
In February of 1980, Dalcor Properties, Inc., Huntsville, Alabama, contacted appellee about obtaining an option on the fifteen-acre *552 tract of land. Dalcor desired to construct a 28-unit housing project for the elderly on said property, and appellee sought a change in the zoning restriction in order to accomplish that purpose. He contacted the chairman of the New Albany Planning and Zoning Commission, who wrote a letter to the effect that the Commission did not foresee any problems in getting the property rezoned. Final HUD approval of the project was indicated in a letter dated July 30, 1980. In City of Oxford v. Inman, 405 So.2d 111 (Miss. 1981), quoting from Cloverleaf Mall Ltd. v. Conerly, 387 So.2d 736, 740 (Miss. 1980), the principles governing changes in zoning as to mistake and change in the neighborhood appear as follows:
Before reviewing the evidence in this case, we restate the requirements set forth in our cases which must be met by one seeking rezoning of property. The courts presume that comprehensive zoning ordinances adopted by municipal authorities are well planned and designed to be permanent. Before property is reclassified from one zone to another, there must be proof either, (1) that there was a mistake in the original zoning, or, (2) the character of the neighborhood was changed to such an extent as to justify rezoning and that public need exists for rezoning. Watts v. City of Wiggins, 376 So.2d 1072 (Miss. 1979); Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss. 1979); Jitney Jungle, Inc. v. City of Brookhaven, 311 So.2d 652 (Miss. 1975); Underwood v. City of Jackson, 300 So.2d 442 (Miss. 1974); Patterson v. City of Jackson, 285 So.2d 466 (Miss. 1973); Board of Supervisors of Jackson County v. Roberts, 287 So.2d 436 (Miss. 1973); City of Jackson v. Husbands, 233 So.2d 817 (Miss. 1970); Martinson v. City of Jackson, 215 So.2d 414 (Miss. 1968); Moore v. Madison County Board of Supervisors, 227 So.2d 862 (Miss. 1969); City of Jackson v. Wilson, 195 So.2d 470 (Miss. 1966) and City of Jackson v. Bridges, 243 Miss. 646, 139 So.2d 660 (1962).
Furthermore, an applicant seeking rezoning must prove by clear and convincing evidence either (1) or (2) above. Sullivan v. City of Bay St. Louis, 375 So.2d 1200 (Miss. 1979); Underwood v. City of Jackson, 300 So.2d 442 (Miss. 1974); Hinds County Board of Supervisors v. Covington, 285 So.2d 143 (Miss. 1973). [405 So.2d at 113].
The appellee concedes that there was no material change in the neighborhood and area surrounding the property proposed to be rezoned, but he introduced evidence to the effect that there was a public need for the rezoning. Appellee argues strenuously that there was a mistake in the original zoning ordinance in placing the property under the classification A-1.[1] Without detailing the testimony and evidence, it is sufficient to say that there was no issue as to a change in the character of the neighborhood, there was a sharp issue as to the public need for rezoning, and there was an issue as to whether or not a mistake was made in the original zoning.
Appellee originally requested that the property be zoned A-1, and some members of the Zoning and Planning Commission may not have realized the full import of the zoning classification. One such representative testified that it was a mistake to zone the property A-1. However, a mistake within the meaning of the law is not a mistake of judgment, but, rather, a clerical or administrative mistake. The lower court held that the positions advanced by appellee were not applicable to the facts of this case unless there was a mutual mistake. However, in our opinion, mutual mistake also is not applicable.
The law is well settled that a decision of the Mayor and Board of Aldermen in such matters will not be disturbed unless the decision was arbitrary, capricious, discriminatory, or beyond the legal authority of the board. If it is supported by substantial evidence, or, if the question is fairly debatable, the decision will not be disturbed. *553 Bell, et al. v. City of Canton, 412 So.2d 1179 (Miss. 1982); Killegrew v. City of Gulfport, 293 So.2d 21 (Miss. 1974); Currie v. Ryan and City of Hattiesburg, 243 So.2d 48 (Miss. 1970); Ridgewood Land Co. v. Moore, 222 So.2d 378 (Miss. 1969); Paine v. Underwood, 203 So.2d 593 (Miss. 1967).
On the record before this Court, we are of the opinion that the action of the City in declining to rezone appellee's property from A-1 to R-3 was not arbitrary, capricious, or discriminatory and is supported by substantial evidence.
II.
THE CIRCUIT COURT HAD NO AUTHORITY TO DECIDE THIS CASE UNDER THE DOCTRINES OF PREEXISTING NONCONFORMING USE OR MUTUAL MISTAKE, SINCE THOSE THEORIES WERE NOT PRESENTED AT TRIAL AND WERE NOT INCLUDED IN THE BILL OF EXCEPTIONS. ASSUMING FOR THE SAKE OF ARGUMENT THAT THE COURT WAS ENTITLED TO CONSIDER THESE THEORIES, ITS DECISION WAS ERRONEOUS BECAUSE BOTH ARE INAPPLICABLE TO THE FACTS.
In its opinion, the lower court stated:
The most able Attorneys for the parties have presented and urged upon this court some of the recent and long past decisions of our Supreme Court regarding mutual mistake of fact, mutual mistake of law, substantial change of existing circumstances and that the property was left in a holding or transitional state. This court is of the opinion that neither of the above principals of law are applicable to this unique set of fact existing pertaining to this particular property unless it is that of mutual mistake of the transitional state usually referred to in such matters as being left in a "nonconforming use". In fact, this court by its own independent research has been unable to find or determine that our Supreme Court has been confronted with this particular situation in any previous case.
Neither the bill of exceptions nor the parties presented and relied upon the theory of preexisting or nonconforming use of the property. The appellee conceded in oral argument that the principle did not apply to the facts in this case. We agree, and, are of the opinion that the learned trial judge erred in holding that the land should be rezoned to R-3 under that principle.
III.
THE APPELLANT CONTENDS THAT BY FILING A SECOND REQUEST FOR A ZONING CHANGE TWO DAYS AFTER THE MAYOR AND BOARD OF ALDERMEN DECLINED TO REZONE, APPELLEE ABANDONED HIS RIGHT TO SUBSEQUENTLY PERFECT HIS APPEAL; AND APPELLEE CONTENDS THAT THE LOWER COURT ERRED IN DISMISSING THE SECOND APPEAL AS MOOT.
The record in # 53,287 was incorporated, and made a part of the record, in # 53,288. The facts, argument and law apply equally to the two cases. The decision in # 53,287 controls # 53,288. Therefore, we reverse Cause # 53,287 and reinstate the order of the City of New Albany, and we affirm dismissal of the appeal in # 53,288, which also reinstates the order of the City of New Albany.
REVERSED AND RENDERED IN CAUSE NO. 53,287; AFFIRMED IN CAUSE NO. 53,288.
PATTERSON, C.J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PRATHER, J., took no part.
NOTES
[1] The Board of Aldermen unanimously voted against rezoning which negatives the contention that the Board made a mistake in the original zoning ordinance.